**In re HARRELL OIL COMPANY, INC., Debtor.**

**Bankruptcy No. S–83–01110–4. Id No. 56–0931020.**

United States Bankruptcy Court, E.D. North Carolina.

April 4, 1984.

Trawick H. Stubbs, Jr., New Bern, N.C., for debtor.

Kenneth Wooten, Jr., Raleigh, N.C., for Amoco Oil Co.

## MEMORANDUM OPINION AND ORDER

A. THOMAS SMALL, Bankruptcy Judge.

This matter is before the Court upon the motion of Amoco Oil Company to require the Debtor to assume or reject an oil jobber contract and the motion of the Debtor to enjoin Amoco Oil Company from terminating the contract without complying with the Petroleum Marketing Practices Act.

### FACTS

Harrell Oil Company, Inc. is a debtor-in-possession (11 U.S.C. § 1101(1)), having filed a chapter 11 petition on July 1, 1983. The Debtor engages in the wholesale and retail distribution of petroleum products in Martin County, North Carolina. Amoco Oil Company is the Debtor's primary supplier pursuant to a Jobber Contract dated April 7, 1981.

On July 14, 1983, two weeks after the Debtor's petition, Amoco wrote to advise the Debtor that Amoco would "continue to sell gasoline and distillate products to your Company basically the same as in the past," but on a C.O.D. basis.

Amoco continued to sell petroleum products to the Debtor, but on October 3, 1983 filed a Motion to Require Adoption or Rejection of Executory Contract and For Adequate Assurance. The Debtor filed on October 24, 1983 a response to Amoco's request in which it stated "Debtor informs the Court and Amoco Oil Company that the Jobber Contract executed by Debtor on April 7, 1981, is hereby adopted."

The hearing on Amoco's motion was set for October 31, 1983, but was continued at the request of both parties. The second hearing scheduled for December 12, 1983 was also continued at the suggestion of the Debtor and Amoco.

Pending resolution of its motion, Amoco continued to sell to the Debtor on a C.O.D. basis. On February 17, 1984, by letter addressed to this Court, Amoco notified the Debtor that it would no longer sell to the Debtor, even on a C.O.D. basis, after March 1, 1984.

The Debtor filed a motion for a Temporary Restraining Order on March 5, 1984 and, after a preliminary hearing on March 7, 1984, an order was entered temporarily restraining and enjoining Amoco "from terminating the present arrangement between Debtor and Amoco Oil Company for the delivery to Debtor of gasoline products on a C.O.D. basis pending a hearing to determine whether the Debtor has accepted or rejected the Amoco contract and whether the Debtor can cure any default under § 365(b)(1) of the Bankruptcy Code." A hearing was held on April 2, 1984.

The Debtor's schedules indicate a pre-petition unsecured debt to Amoco of $120,-000.00 arising from the Jobber Contract. The Debtor has offered no evidence to show that it will be able to cure, or provide adequate assurance that it will promptly cure the $120,000.00 default in the Amoco contract.

### DISCUSSION AND CONCLUSIONS

The Debtor argues that Amoco and the Debtor have a "franchise relationship" (15 U.S.C. § 2801(2)) which can not be terminated by Amoco unless it has complied with the termination provisions of the Petroleum Marketing Practices Act (15 U.S.C. § 2801 et seq.). The automatic stay of 11 U.S.C. § 362(a) prohibits the "franchisor" (Amoco), from giving the termination notices required by the Petroleum Marketing Practices Act. *In re Rogue Valley Stations, Inc. v. Birk Oil Co.*, 568 F.Supp. 337 (D.C. Or.1983). In this case, however, termination notices are not required.

In addition to being a "franchise" (15 U.S.C. § 2801(1)(B)), the Jobber Contract is also an executory contract which can only be assumed by the Debtor if the Debtor

    (A) cures, or provides adequate assurance that the trustee (the debtor-in-

possession) will promptly cure, such default;

(B) compensates, or provides adequate assurance that the trustee (the debtor-in-possession) will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease. (11 U.S.C. § 365(b)(1)).

The Court, at the request of Amoco, has ordered the Debtor to determine whether to assume or reject the Amoco contract (11 U.S.C. § 365(d)(2)). The Debtor would like to assume the contract but has offered no evidence whatsoever to show that it can cure, or provide adequate assurance that it will promptly cure, the $120,000.00 default. Consequently, it is not able to assume the contract and the contract should be rejected.

Upon rejection of the contract, the franchise is no longer part of the bankruptcy estate. Furthermore, there is no entity independent of the debtor-in-possession capable of enforcing performance under the rejected contract and the contract is terminated. See Casher and Trachtenberg, "Caveat Franchisor: The Interplay of the Bankruptcy Code and the Petroleum Marketing Practices Act," 87 *Commercial Law Journal* 216 (1982). It would be pointless to require the franchisor to comply with the terms of the Petroleum Marketing Practices Act in order to end a contract which has been terminated by order of this Court. The Petroleum Marketing Practices Act was designed to prevent arbitrary and discriminatory franchise terminations by franchisors who are in an unfair bargaining position. Amoco's actions are not arbitrary in this case.

This chapter 11 case has been pending for over 8 months and it is not unreasonable at this point to require the Debtor to assume or reject the contract. The Debtor has not met the conditions precedent to assumption and Amoco's obligations under the contract should be ended. Accordingly,

IT IS HEREBY ORDERED that:

(1) The Jobber's Contract dated April 7, 1981 between the Debtor, Harrell Oil Company, Inc., and Amoco Oil Company is rejected; and

(2) The obligations of Amoco Oil Company under the April 7, 1981 Jobber's Contract are terminated without the need to comply with the termination provisions of the Petroleum Marketing Practices Act; and

(3) The Debtor's Motion for a Temporary Restraining Order and Preliminary Injunction is DENIED.