In re CARIBBEAN PETROLEUM CORP., et al., Debtors.

No. 10–12553(KG).

United States Bankruptcy Court, D. Delaware.

Dec. 2, 2010.

Audrey J. Aden, Christopher Updike, George A. Davis, Zachary H. Smith, Cadwalader, Wickersham & Taft LLP, New York, NY, Jason M. Madron, Mark D. Collins, Travis A. McRoberts, Richards, Layton & Finger, P.A., Wilmington, DE, for Debtors.

### *MEMORANDUM OPINION*

KEVIN GROSS, Bankruptcy Judge.

#### *Introduction*

Caribbean Petroleum Corporation ("CPC"), Caribbean Petroleum Refining L.P., and Gulf Petroleum Refining (Puerto Rico) (collectively, "Debtors") have moved (the "Rejection Motion") pursuant to 11 U.S.C. § 365 to reject any or all of its agreements with franchisees (the "Franchise Agreements") upon the contemplated sale of substantially all of Debtors' assets. The parties objecting to the Rejection Motion are franchisees (the "Franchisees") who operate 184 service stations through-

out Puerto Rico, of which 116 are located on real property owned by CPC and 68 are located on properties which CPC leases and then subleased to the operators. The Rejection Motion raises principally the impact, if any, of the Petroleum Marketing Practices Act (the "PMPA"), 15 U.S.C.S 2801, *et seq.*, in a bankruptcy case. For the reasons which follow, the Court has entered an Order granting the Rejection Motion (D.I. 399)[1].

### Jurisdiction

The Court has jurisdiction over the pending matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

The Debtors filed their petitions for relief under chapter 11 of the Bankruptcy Code on August 12, 2010. Until October 23, 2009, when explosions destroyed some of their essential facilities in Puerto Rico, the Debtors operated integrated and interdependent businesses consisting of import, offloading, storage and distribution of petroleum products in Puerto Rico. CPC was a leading distributor in Puerto Rico of gasoline and other petroleum products through a network of Gulf-branded retail service stations (the "Service Stations"). The Franchisees operate the Service Stations.

The Debtors are seeking an early sale of substantially all of their assets, and filed a motion (the "Sale Motion") (D.I. 9) at the outset of the case to accomplish such a sale (the "Sale"). The Court approved the Debtors' proposed bidding procedures by Order, dated September 10, 2010 (the "Bidding Procedures Order") (D.I. 149), which provided for a stalking horse agreement, procedures for Debtors' assumption and assignment of executory contracts and unexpired leases in connection with the sale (the "Sale") and set dates for the Sale process. The dates are: December 10, 2010, for the submission of bids; December 13, 2010 (subsequently adjourned to December 16, 2010, by Notice of Adjournment of Auction, D.I. 400), for the auction; December 22, 2010, for the hearing on the Sale; and February 8, 2010, for the closing on the Sale.

In response to the Rejection Motion, the Franchisees promptly took action. They moved to withdraw the reference to the District Court, which motion remains pending, and sought a motion to stay the Court's consideration of the Rejection Motion. The Court denied the stay and thereafter conducted a hearing on the Rejection Motion on December 1, 2010.

The Debtors have filed the Rejection Motion in what they view as a necessity to improve the prospects of the Sale. Debtors have concluded that potential bidders may be discouraged from bidding, or will lower their bids because of unfavorable Franchise Agreements. In that event, Debtors will not be able to maximize their return in the Sale. The Franchisees have raised numerous objections which the Court will now address.

### Due Process

Certain of the Franchisees have argued that the Rejection Motion deprived them of due process because of the brevity of notice. They also claim that the Rejection Motion and notice was in English only, without a version in Spanish, and that many of the Franchisees are Spanish speaking.

---

**1.** The exigencies of the situation required the Court to enter the Order with the Opinion to follow.

■ The Court does not find merit in the due process objection. First, the notice complied with the Court's Local Rules. Del. Bankr. L.R. 9006–1(c)(i) and (ii). *See In re Old Carco LLC,* 406 B.R. 180, 207 (Bankr.S.D.N.Y.2009) (notice which complies with procedural rules adequate).

■ Second, Puerto Rican law provides that Spanish and English are official languages of Puerto Rico. 1 L.P.R.A. § 59. *See also Storage Tech. Corp. v. Comite Pro Rescate De La Salud (In re Storage Tech Corp.),* 117 B.R. 610, 621 (Bankr.D.Colo. 1990) (English and Spanish can be used indiscriminately and there was no evidence that the defendants did not comprehend English). Here, too, the Franchisees provided no evidence that the Franchisees do not speak English or were prejudiced by the English-only documents.

### *Ripeness*

■ The Franchisees complain that the Rejection Motion is premature and will not be justiciable until a successful bidder emerges and designates the Franchise Agreements it wants Debtors to assume and assign, and those the Debtors will then reject. The Franchisees take exception to the "conditional" rejection concept.

■ The Third Circuit has addressed ripeness as a two factor test: (1) fitness of the issues for judicial determination, and (2) hardship to the parties of withholding the court's consideration. *In re Rickel Home Centers, Inc.,* 209 F.3d 291, 307 (3d Cir.2000). *See also Pic–A–State Pa., Inc. v. Reno,* 76 F.3d 1294, 1298 (3d Cir.1996).

■ The first prong of the test, fitness for judicial decision, focuses on such factors as:

● are the issues legal versus factual,
● are events uncertain,
● is factual development necessary, and

● are the parties sufficiently adverse.

*In re Powermate Holding Corp.,* 394 B.R. 765, 769 (Bankr.D.Del.2008). The Rejection Motion satisfies all of these factors. The applicability of the PMPA and the question of the nature of the Franchise Agreements are legal questions. The events are in the future but are not uncertain. The Sale is forthcoming and bidders will be influenced by the status of the Franchise Agreements. As the Court stated in *Midway Games* and applicable here:

> Without the Court's determination of whether the automatic stay applies to the Officers, the Debtors' efforts to proceed further with their bankruptcy, with a plan of liquidation, as well as with negotiations with creditors, would be severely hindered.... Until the Debtors know if the stay applies to the Officers, the case will stall and further exhaust the assets of the estate. Most notably, any continued investigation, including the filing of IDOL's complaint against the Officers, would deplete the Debtors' most significant asset, the remaining proceeds from the Court approved asset sales.

*In re Midway Games, Inc.,* 428 B.R. 327, 333 (Bankr.D.Del.2010).

### *The PMPA*

■ Franchisees' most substantive argument is that the PMPA extinguishes Debtors' rights under the Bankruptcy Code to bring the Rejection Motion. The Court does not agree, and the case law is to the contrary and establishes that Bankruptcy Code Section 365 trumps the PMPA. *In re Harrell Oil Co., Inc.,* 38 B.R. 280, 282. (Bankr. E.D.N.C. 1984) and *In re Deppe,* 110 B.R. 898, 905 (Bankr. D.Minn.1990). Particularly instructive is *Carco,* 406 B.R. at 205–06, in which the bankruptcy court held that Section 365

preempts state law (which the PMPA applies), which in *Carco* was designed to protect auto dealers from losing their franchises. The situation in *Carco* was very close to the scenario the Court faces here. Bankrupt Chrysler was seeking to reject dealer franchises pursuant to Section 365 and in opposition the car dealers invoked the protective provisions of the Automobile Dealers Day in Court Act (the "ADDCA"). Like the PMPA, the ADDCA was designed to protect the franchisees. The ADDCA protects car dealership franchisees while the PMPA protects service station franchisees. The court in *Carco* made the following salient rulings:

> More generally, a bankruptcy court recently held that "Congress enacted [§ ] 365 to provide debtors the authority to reject executory contracts. This authority preempts state law by virtue of the Supremacy Clause [and] the Bankruptcy Clause." *In re City of Vallejo*, 403 B.R. 72, 77 (Bankr.E.D.Cal.2009). "Where a state law 'unduly impede[s] the operation of federal bankruptcy policy, the state law [will] have to yield.'" *Id.* (quoting *Perez*, 402 U.S. at 649, 91 S.Ct. 1704, 29 L.Ed.2d 233). Specifically and by no means exclusively, statutory notice or waiting periods of, *e.g.*, 60 or 90 days before termination clearly frustrate § 365's purpose to allow a debtor to reject a contract as soon as the debtor has the court's permission (and there is no waiting period under the Bankruptcy Rules). Buy-back requirements also frustrate § 365's purpose to free a debtor of obligations once the debtor has rejected the contract. Good cause hearings frustrate § 365's purpose of giving a bankruptcy court the authority to determine whether a contract may be assumed or rejected. Strict limitations on grounds for nonperformance frustrate § 365's purpose of allowing a debtor to exercise its business judgment and re-

> ject contracts when the debtor determines rejection benefits the estate. So-called "blocking rights" which impose limitations on the power of automobile manufactures to relocate dealers or establish new dealerships or modify existing dealerships over a dealer's objection, frustrate § 365's purpose of giving a debtor the power to decide which contracts it will assume and assign or reject by allowing other dealers to restrict that power.

*Carco*, 406 B.R. at 205–206 (footnotes omitted). The Franchisees seek to impose similar provisions of the PMPA. The Court agrees with the *Carco* analysis, and holds that the rights afforded by Section 365 take precedence over the PMPA.

### Business Judgment

■ The Franchisees challenge the standard of review applicable to the Rejection Motion. Debtors argue that their business judgment is the standard. Franchisees want the Court to employ the heightened standard apropos to matters involving the public interest.

■ Courts normally leave the decision to reject a contract to the debtor's sound business judgment. As Judge Walsh wrote in *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr.D.Del.2001), "A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice." *See also Wheeling–Pittsburgh Steel Corp. v. W. Penn Power Co. (In re Wheeling–Pittsburgh Steel Corp.)*, 72 B.R. 845, 849–50 (Bankr.W.D.Pa.1987). However, in *NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 528, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984), the Supreme Court found that certain contracts are in the "public interest" and therefore require heightened scrutiny. Courts interpreting *Bildisco* have consistently limited the

heightened scrutiny to the protection of national public interest such as public safety, health or welfare. *Carco,* 406 B.R. at 189.

The PMPA does not express as its purpose a concern for any public policy interest. Its stated purpose is to protect franchisees from arbitrary or capricious termination of franchise agreements. In *Carco,* the court rejected the franchisees' insistence that the heightened standard should control the debtors' effort to reject auto dealership franchise agreements. The court found, as the Court does here with respect to the PMPA, that the ADDCA was not a Congressional effort to protect the national public interest. The *Carco* court found that "the public safety issues raised by the closing of dealerships do not create an imminent threat to health or safety." *Carco,* 406 B.R. at 190. The court further explained that:

> This observation is consistent with the *Pilgrim's Pride* court's observation that it was "unwilling to hold that a higher standard for rejection must be met any time another federal law is implicated by the contract to be rejected. Not every act of Congress that may touch a debtor's contract will require the court to consider public policy or other extraneous requirements of federal law in determining whether that contract may be rejected." *Pilgrim's Pride,* 403 B.R. at 424–25. Indeed, the Affected Dealers point to no language in the ADDCA requiring such considerations. Similarly, the *Pilgrim's Pride* court declined to apply the "public interest standard" in a case involving potential violations of the federal Packers and Stockyards Act ("PSA") in the contract rejection context because the court could not find language in the PSA requiring such public policy considerations. *See Pilgrim's Pride,* 403 B.R. at 424–25.

The *Pilgrim's Pride* court identified an additional scenario beyond inconsistency with a federal statute or encroachment on the turf of a federal regulator where it may be appropriate to apply a higher standard than business judgment to contract rejection: local laws designed to protect public health or safety. *See Pilgrim's Pride,* 403 B.R. at 424 & fn. 26 (citing *Midlantic [National Bank v. New Jersey Department of Environmental Protection],* 474 U.S. 494, 106 S.Ct. 755, 88 L.Ed.2d 859). Many Affected Dealers raised this very issue in the context of federal preemption, arguing that § 365 did not preempt the Dealer Statutes because they were enacted to protect public safety. While the Court continues discussion of this issue in its discussion of federal preemption *infra,* the Court notes that local laws designed to protect public health or safety, without imminent harm present, do not give rise to application of a heightened standard for contract rejection. Further, because the ADDCA does not give rise to such application of a "public interest standard", the Court applies a business judgment standard rather than a "public interest standard" here.

*Id.* at 190–191.

Applying the business judgment standard, the Court is convinced that Debtors have met their burden of showing that the Rejection Motion represents an informed decision, in good faith and in the honest belief that it is in the best interest of the Debtors. *In re Integrated Resources, Inc.,* 147 B.R. 650, 656 (Bankr.S.D.N.Y.1992).

■ The unrefuted evidence before the Court supports the conclusion that the Debtors properly exercised their business judgment in pursuing the Rejection Motion. FTI Consulting, Inc. ("FTI"), Debt-

ors' crisis manager, and Roy Messing ("R. Messing"), Debtors' Restructuring Officer, found that potential bidders would be encouraged to make bids for the Sale were the Rejection Motion granted. *See* Declaration of Roy Messing, dated November 26, 2010 (D.I. 370) ("Messing Dec.") at ¶¶ 5–7. The Debtors' professionals have therefore advised Debtors that:

> 6. ... Potential bidders have expressed that if the Rejection Motion is approved, and they receive greater clarity regarding their rights related to the treatment of the Franchise Agreements, they will be more likely to seriously consider submitting a bid that would include the real property at the Service Stations.

> 7. To that end, potential bidders are waiting for the adjudication of the Rejection Motion before submitting any bids.... These bidders, therefore, are looking for assurance that the Debtors will be able to reject these Franchise Agreements. The potential bidders have been watching the docket closely, and have seen the motion to withdraw the reference with respect to the Rejection Motion (*see* D.I. 322) and objections to the Rejection Motion (*see* D.I. 321, 335 and 337). Potential bidders have expressed concern that the Rejection Motion will not be decided before the deadline to submit bids, currently set for December 10, 2010. These bidders are worried that if an order approving the Rejection Motion is not entered before this deadline, they will not have certainty as to what their rights are related to the Franchise Agreements. Without certainty on this significant issue, potential bidders are hesitant to submit bids.

> 8. Accordingly, based on these recent conversations with potential bidders, we believe it would be extremely detrimental to the sale process if the Rejection Motion was not decided in the next week—in advance of the bid deadline set for December 10, 2010—providing potential bidders with sufficient time to finalize their bids and decide how they would like to treat the Service Stations and Franchise Agreements....

The Debtors have acted on FTI's and R. Messing's advice in bringing the Rejection Motion and such action clearly represents the sound exercise of business judgment. The Court therefore finds that the Rejection Motion is in the best interests of the Debtors' estates.

### The Integrated Franchise Agreements

The Franchisees have also objected to the Rejection Motion on the ground that Section 365(h) provides them with the right to continue to use the Service Stations after rejection.

Section 365(h)(ii) provides that if a debtor rejects a lease of real property and the debtor is the lessor, then:

> (ii) if the term of such lease has commenced, the lessee may retain its rights under such lease (including rights such as those relating to the amount and timing of payment of rent and other amounts payable by the lessee and any right of use, possession, quiet enjoyment, subletting, assignment, or hypothecation) that are in or appurtenant to the real property for the balance of the term of such lease and for any renewal or extension of such rights to the extent that such rights are enforceable under applicable nonbankruptcy law.

The Court agrees with Debtors that Section 365(h)(ii) does not apply to the Rejection Motion because the Franchise Agreements are not leases, but are licenses. Section 365(h) applies only to leases.

The difference between a lease and license is subtle but significant. A lease is a contract that provides exclusive

possession of premises. A license, on the other hand, confers a privilege to occupy a premises. *Jetz Service Co., Inc. v. AGS Meadow Oaks Assoc.*, 1993 WL 17201, *2 (S.D.N.Y. Jan.14, 1993).[2] The Franchise Agreements expressly provide Debtors with the right to repossess the Service Stations. Debtors also reserve the right to operate the Service Stations except for fuel sales. Debtors therefore have not granted exclusive use to Franchisees. The Franchise Agreements are thus licenses, not leases.

Furthermore, to adopt the Franchisees' argument, the Court would have to find that the single document comprising the Franchise Agreements contains two independent agreements, a "use" agreement and petroleum products "supply" agreement. The Court has no basis for segregating the Franchise Agreements into two, independent undertakings. The Franchise Agreements are integrated and nonseverable. The case law plainly establishes that agreements such as the Franchise Agreements constitute a single agreement with an interrelated purpose. The Franchise Agreements are one agreement with mutually dependent purposes. *See, e.g., Ashland Oil, Inc. v. Donahue*, 159 W.Va. 463, 223 S.E.2d 433 (1976) (two agreements, one containing a lease and the other a sale and delivery agreement for gasoline, comprise a single agreement); *In re Karfakis*, 162 B.R. 719, 725 (Bankr.E.D.Pa.1993)

(franchise agreement and lease agreement construed as a single agreement). The reasoning behind the Court's decision here and in the cited cases should be apparent. The lease and the supply provisions exist as one and would be economically unfeasible if separate. The Franchisees therefore do not retain any Section 365(h) rights in the Franchise Agreements.[3]

## CONCLUSION

The Court has granted the Rejection Motion for the foregoing reasons.

In re Caribbean Petroleum Corp., et al.,[1] Debtors.

## ORDER AUTHORIZING CONDITIONAL REJECTION OF CERTAIN FRANCHISE AGREEMENTS

The Court will issue a written opinion addressing the parties written arguments and the arguments at the hearing on December 1, 2010. In the meantime, the parties, the Debtors in particular, and potential bidders for Debtor's assets, require certainty. Therefore, the Court orders that:

Upon the motion, dated November 9, 2010 (the "Motion"),[2] of Caribbean Petroleum Corporation, Caribbean Petroleum Refining L.P., and Gulf Petroleum Refining (Puerto Rico) Corporation, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the *"Debtors"*), pursuant to sections 105(a)

2. Puerto Rican law is in accord. Civil Code of Puerto Rico, Art. 1433, 31 L.P.R.A. 4012.

3. The Court has not ruled on the objection of San German Gulf, Inc. and Mark Terzikhan. At the hearing on the Rejection Motion, they raised potential factual issues relating to the Applicability of Section 365(h) to the Franchise Agreement for their Service Station. The Court will consider their objection at the later date.

1. The Debtors in these chapter 11 cases (along with the last four digits of each Debtor's federal tax identification number) are: Caribbean Petroleum Corporation (7836), Caribbean Petroleum Refining L.P. (1421), and Gulf Petroleum Refining (Puerto Rico) Corporation (1417). The service address for all Debtors is: PO Box 361988, San Juan, Puerto Rico 00936.

2. Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

and 365 of title 11 of the United States Code (the *"Bankruptcy Code"*), and rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedures (the *"Bankruptcy Rules"*), for entry of an order approving rejection of certain franchise agreements identified on *Exhibit 1* hereto (the *"Franchise Agreements"*), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) the holders of the thirty largest unsecured claims against the Debtors on a consolidated basis, (iii) each of the Debtors' prepetition secured lenders, (iv) all counterparties to the Franchise Agreements, (v) the United States Department of Justice, (vi) the United States Environmental Protection Agency, and (vii) all parties having filed requests for notices in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Motion is warranted and in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtors are authorized, but not required, to reject any or all of the Franchise Agreements, including any amendments or side letters with respect thereto, pursuant to section 365 of the Bankruptcy Code upon consummation of a sale of substantially all of the Debtors' assets that does not contemplate the assumption and assignment of such Franchise Agreements to the Successful Bidder; except that this Order shall not apply to Station No. 56 operated by San German Gulf, Inc. and Mark Terzikhan, whose objection to the Motion will be decided at a later date;

ORDERED that the Debtors shall identify which Franchise Agreements are to be rejected pursuant to the order approving the sale of substantially all of the Debtors' assets to the Successful Bidder;

ORDERED that the terms and provisions of the Petroleum Marketing Practices Act (the *"PMPA"*) are inapplicable to the Debtors' rejection of the Franchise Agreements, including Station No. 56, and the Debtors are authorized to reject the Franchise Agreements notwithstanding any terms and provisions of the PMPA without any other or further notification of such rejection;

ORDERED that section 365(h)(1)(A) is not implicated by rejection of the Franchise Agreements and upon rejection of the Franchise Agreements, the non-Debtor counterparties thereto shall retain no right of possession or quiet enjoyment of the respective Service Station with respect to any lease provision of the Franchise Agreements;

ORDERED that nothing in this Order shall constitute any waiver of any claims or defenses by the Debtors that they have or may have against any counterparties to any Franchise Agreement, whether or not such claims or defenses arise under, are related to the rejection of, or are independent of the rejection of any Franchise Agreement; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

*EXHIBIT 1*

## Schedule of Franchise Agreements

**Caribbean Petroleum Corporation**
**Service Station Franchise Agreements**

| Station Number | Debtor Counterparty | Non-Debtor Counterparty and Address | Agreement |
|---|---|---|---|
| 1 | Caribbean Petroleum Corporation | Neguni Corp. (N. Capote)<br>P.O. Box 8618<br>Bayamon, PR 00960 | Lease and Supply Agreement |
| 6 | Caribbean Petroleum Corporation | Wifki Awadallah Odeh<br>Ave. Central Esq. San Patricio # 1652<br>Las Lomas<br>Rio Piedras, PR 00921 | Lease and Supply Agreement |
| 7 | Caribbean Petroleum Corporation | Santa Paula Oil Corporation<br>P.O. Box 8618<br>Bayamon, PR 00960-8035 | Lease and Supply Agreement |
| 10 | Caribbean Petroleum Corporation | Mahmoud Ali Shehadeh<br>Calle 54 S.E. #1258<br>Urb. La Riviera<br>San Juan, PR 00921 | Lease and Supply Agreement |
| 11 | Caribbean Petroleum Corporation | Laguna Mimoso, Luis E.<br>Apartado 1116<br>Caguas, PR 00726 | Lease and Supply Agreement |
| 12 | Caribbean Petroleum Corporation | Zambrano Vera, Luis R.<br>P.O. Box 810004<br>Carolina, PR 00981-0004 | Lease and Supply Agreement |
| 13 | Caribbean Petroleum Corporation | Gulf Del Norte<br>Box 50367<br>Toa Baja, PR 00950-0367 | Trial Franchise |
| 17 | Caribbean Petroleum Corporation | Adams Collazo, Johnny<br>Apartado 9795<br>Caguas, PR 00726 | Lease and Supply Agreement |
| 18 | Caribbean Petroleum Corporation | H.M.F. Service Station<br>P.O. Box 7103<br>Caguas, PR 00726-7103 | Trial Franchise |
| 19 | Caribbean Petroleum Corporation | Aiman Abdelfatah Abuusha<br>1426 Luisa Capetillo<br>Santiago Iglesias<br>San Juan, PR 00921 | Lease and Supply Agreement |
| 23 | Caribbean Petroleum Corporation | Santa Paula Oil Corporation<br>P.O. Box 8618<br>Bayamon, PR 00960-8035 | Lease and Supply Agreement |
| 24 | Caribbean Petroleum Corporation | Awadallah Odeh, Wifki<br>Ave. Central Esq. San Patricio #1652<br>Las Lomas<br>Rio Piedras, PR 00921 | Lease and Supply Agreement |

| 27 | Caribbean Petroleum Corporation | Awadallah Odeh, WifkiAve. Central Esq. San Patricio #1652Las LomasRio Piedras, PR 00921 | Lease and Supply Agreement |
|----|----|----|----|
| 28 | Caribbean Petroleum Corporation | Leesan Investment Corp. Villas del Sol Calle Gibraltar 502 Carolina, PR 00985 | Trial Franchise |
| 33 | Caribbean Petroleum Corporation | Nieves Díaz, José A. Villas de Manatí Ave. Las Plamas Buzon 126 Manati, PR 00674 | Lease and Supply Agreement |
| 34 | Caribbean Petroleum Corporation | Nieves Berrios, Carlos R. Bosque de las Flores 15 Calle Tiagosan Bayamon, PR 00956-9222 | Lease and Supply Agreement |
| 37 | Caribbean Petroleum Corporation | Díaz Bou, Secundino Villas del Parana #24 Parana S-4 San Juan, PR 00926 | Lease and Supply Agreement |
| 38 | Caribbean Petroleum Corporation | H.M.F. Service Station P.O. Box 7103 Caguas, PR 00726-7103 | Trial Franchise |
| 39 | Caribbean Petroleum Corporation | Bezarez, Ernesto HC-40 Box 47926 San Lorenzo, PR 00754 | Trial Franchise |
| 40 | Caribbean Petroleum Corporation | Esteves Verdia, Jose F. 419 Ave. Kennedy San Juan, PR 00920-1617 | Lease and Supply Agreement |
| 41 | Caribbean Petroleum Corporation | Batiz Vergara, Hernán Monte Trujillo Calle 3-E-4 Trujillo Alto, PR 00976 | Trial Franchise |
| 43 | Caribbean Petroleum Corporation | Santa Paula Oil Corporation P.O. Box 8618 Bayamon, PR 00960-8035 | Lease and Supply Agreement |
| 47 | Caribbean Petroleum Corporation | Rullan Cordero, Osvaldo Box 1260 Utuado, PR 00641-1260 | Lease and Supply Agreement |
| 50 | Caribbean Petroleum Corporation | Wifki Awadallah Odeh Ave. Central Esq. San Patricio # 1652 Las Lomas Rio Piedras, PR 00921 | Lease and Supply Agreement |
| 52 | Caribbean Petroleum Corporation | Vargas, Nelson A. Calle Azabache C-59 Mansiones de Santa Barbara Gurabo, PR 00778 | Trial Franchise |

| 55 | Caribbean Petroleum Corporation | Santa Paula Oil Corporation<br>P.O. Box 8618<br>Bayamon, PR 00960-8035 | Lease and Supply Agreement |
|----|----|----|----|
| 56 | Caribbean Petroleum Corporation | San Germán, Inc.<br>P.O. Box 3565<br>Vega Alta, PR 00692 | Lease and Supply Agreement |
| 58 | Caribbean Petroleum Corporation | Plaza Interamericana<br>PMB 201<br>Suite A9 B-5 Calle<br>Tabonuco<br>Guaynabo, PR 00968-3003 | Lease and Supply Agreement |
| 59 | Caribbean Petroleum Corporation | Puerto Rico Consulting<br>Group, Inc.<br>Calle Arpegio #18<br>Munoz Rivera<br>Guaynabo, PR 00969 | Lease and Supply Agreement |
| 62 | Caribbean Petroleum Corporation | Yacoub Husni<br>P.O. Box 1813<br>Utuado, PR 00641 | Lease and Supply Agreement |
| 68 | Caribbean Petroleum Corporation | Aguayo Porrata,<br>P.O. Box 1373<br>Hormigueros, PR 0660-1373 | Lease and Supply Agreement |
| 69 | Caribbean Petroleum Corporation | Velazquez Colon, Antonio<br>RR #6 Box 9496<br>San Juan, PR 00926 | Lease and Supply Agreement |
| 70 | Caribbean Petroleum Corporation | Ortiz Roura, Francisco<br>P.O. Box 2120<br>Orocovis, PR 00720 | Trial Franchise |
| 71 | Caribbean Petroleum Corporation | Guerra Pujals, Rafael<br>Ave. Jesus T. Pinero #1039<br>San Juan, PR 00920 | Lease and Supply Agreement |
| 73 | Caribbean Petroleum Corporation | Santa Paula Oil Corporation<br>P.O. Box 8618<br>Bayamon, PR 00960-8035 | Lease and Supply Agreement |
| 76 | Caribbean Petroleum Corporation | Lleras Cruz, Antonio<br>P.O. Box 1834<br>Cayey, PR 00921 | Lease and Supply Agreement |
| 82 | Caribbean Petroleum Corporation | Jibril Johar, Mohamed<br>1365 San Felix St.<br>Altamesa Dev<br>San Juan, PR 00921 | Lease and Supply Agreement |
| 84 | Caribbean Petroleum Corporation | Nuñez Garau, Max<br>Cond. Galeria I<br>Apt. 1204<br>Ave. Hostos A-201<br>Hato Rey, PR 00918 | Lease and Supply Agreement |
| 94 | Caribbean Petroleum Corporation | Anmar, Inc.<br>Alturas del Remanso<br>M-15 Canada<br>San Juan, PR 00926 | Lease and Supply Agreement |

| 96 | Caribbean Petroleum Corporation | Beltran, Juan E.<br>Apartado 417 | Lease and Supply Agreement |
|---|---|---|---|
| 97 | Caribbean Petroleum Corporation | Rivera Lopez, Carlos A.Urb. Boneville TerraceB-19 Calle 3Caguas, PR 00725 | Lease and Supply Agreement |
| 98 | Caribbean Petroleum Corporation | López Méndez, Ariel Urb. Valle Alto 1009 Calle Pichachos Ponce, PR 00730-4128 | Lease and Supply Agreement |
| 101 | Caribbean Petroleum Corporation | Soto Alicea, Ignacio P.O. Box 477 Juana Diaz, PR 00795 | Trial Franchise |
| 102 | Caribbean Petroleum Corporation | Irizarry Caraballo, Jose Juan G.P.O. Box 943 Lares, PR 00669 | Lease and Supply Agreement |
| 103 | Caribbean Petroleum Corporation | Marin Ocasio, Fernando P.O. Box 1594 Toa Baja, PR 00951-1594 | Lease and Supply Agreement |
| 104 | Caribbean Petroleum Corporation | Negron, Rafael P.O. Box 1100 Barceloneta, PR 00617 | Lease and Supply Agreement |
| 105 | Caribbean Petroleum Corporation | Fernandini Figueroa, Orlando P.O. Box 287 Castaner, PR 00631 | Trial Franchise |
| 106 | Caribbean Petroleum Corporation | Vargas Vargas, Edwin Urb. Monterreal No. A-3 Aguadilla, PR 00603 | Lease and Supply Agreement |
| 111 | Caribbean Petroleum Corporation | Figueroa, Luis Los Prados Dorado Norte 32 Dorado, PR 00646 | Trial Franchise |
| 112 | Caribbean Petroleum Corporation | El Mesón De Felipe, Inc. Calle Manuel Pinallo Esquina Calle Aduana Mayaguez, PR 00969 | Lease |
| 112 | Caribbean Petroleum Corporation | Guerra Pujals, Alfredo Parkville G-27 McKinley Guaynabo, PR 00969 | Lease and Supply Agreement |
| 113 | Caribbean Petroleum Corporation | Awadallah Odeh, Wifki Ave. Central Esq. San Patricio #1652 Las Lomas Rio Piedras, PR 00921 | Lease and Supply Agreement |

| 116 | Caribbean Petroleum Corporation | Barreras Díaz, Philip DBA Pbd Management Urb. Las Cumbres 497 Ave. Emiliano Pol PMB 624 San Juan, PR 00926-5636 | Lease and Supply Agreement |
|---|---|---|---|
| 118 | Caribbean Petroleum Corporation | Velazquez Colon, Antonio RR #6 Box 9496 San Juan, PR 00926 | Lease and Supply Agreement |
| 119 | Caribbean Petroleum Corporation | Guerra Cinco, Inc. c/o Guerra Pujals, RafaelAve. Jesus T. Pinero #1039San Juan, PR 00920 | Lease and Supply Agreement |
| 122 | Caribbean Petroleum Corporation | Abraham Petroleum Paseo Las Olas Calle Tiburuon 335 Dorado, PR 00646 | Lease and Supply Agreement |
| 123 | Caribbean Petroleum Corporation | Soto Girau, Efraín P.O. Box 1212 Hormigueros, PR 00660 | Lease and Supply Agreement |
| 129 | Caribbean Petroleum Corporation | Bonilla Traverso, Waldemar HC 5 Box 92550 Arecibo, PR 00612 | Lease and Supply Agreement |
| 132 | Caribbean Petroleum Corporation | Ocasio Rosa, Johan HC-01 Box 6850 Las Piedras, PR 00771 | Trial Franchise |
| 133 | Caribbean Petroleum Corporation | Calo Alvarez, Margarita Primavera Encantada 43 Paseo Las Flores Trujillo Alto, PR 00976 | Lease and Supply Agreement |
| 133 | Caribbean Petroleum Corporation | Caribbean Restaurants LLC P.O. Box 366999 San Juan, PR 00936-6999 | Lease |
| 135 | Caribbean Petroleum Corporation | Santos Rivera, Antonio Estancias Reales 18 Calle Duque de Kent Guaynabo, PR 00969-5322 | Lease and Supply Agreement |
| 138 | Caribbean Petroleum Corporation | Hernández Jorge, José A. 1937 Melcjor Maldonado Fair View Rio Piedras, PR 00926 | Lease and Supply Agreement |
| 139 | Caribbean Petroleum Corporation | Santa Paula Oil Corporation P.O. Box 8618 Bayamon, PR 00960-8035 | Lease and Supply Agreement |
| 140 | Caribbean Petroleum Corporation | Jota Corp. Urb. San Martin #1128 Ave 65 Infanteria San Juan, PR 00924 | Lease and Supply Agreement |

| | | | |
|---|---|---|---|
| 141 | Caribbean Petroleum Corporation | Berrios Rivera, Gilberto<br>HC-03 Box 12799<br>Corozal, PR 00783 | Lease and<br>Supply<br>Agreement |
| 143 | Caribbean Petroleum Corporation | Wifki Awadallah Odeh<br>Ave. Central Esq. San<br>Patricio # 1652<br>Las Lomas<br>Rio Piedras, PR 00921 | Lease and<br>Supply<br>Agreement |
| 145 | Caribbean Petroleum Corporation | Maracaibo Petroleum<br>Corp.Ave.<br>EsmeraldaCondominio<br>Plaza EsmeraldaApt.<br>215Guaynabo, PR 00969 | Lease and<br>Supply<br>Agreement |
| 146 | Caribbean Petroleum Corporation | Figueroa, Luis<br>Los Prados Dorado Norte<br>32<br>Dorado, PR 00646 | Lease and<br>Supply<br>Agreement |
| 147 | Caribbean Petroleum Corporation | Colon, Evangelito<br>P.O. Box 8002<br>Caguas, PR 00726 | Lease and<br>Supply<br>Agreement |
| 148 | Caribbean Petroleum Corporation | Gulf Plaza, Inc.<br>P.O. Box 270004<br>San Juan, PR 00927-0004 | Lease and<br>Supply<br>Agreement |
| 150 | Caribbean Petroleum Corporation | Alonso Ricardo D/B/A<br>Puerto Rico Consulting<br>Calle Arpegio #18<br>Munoz Rivera<br>Guaynabo, PR 00969 | Lease and<br>Supply<br>Agreement |
| 154 | Caribbean Petroleum Corporation | Figueroa Colón, Eddie<br>P.O. Box 1165<br>Jayuya, PR 00664 | Lease and<br>Supply<br>Agreement |
| 155 | Caribbean Petroleum Corporation | Collazo Del Valle, Pedro<br>P.O. Box 208<br>Caguas, PR 00726-0208 | Lease and<br>Supply<br>Agreement |
| 156 | Caribbean Petroleum Corporation | Márquez Gómez, Ismael<br>P.O. Box 113<br>Rio Grande, PR 00745 | Trial<br>Franchise |
| 159 | Caribbean Petroleum Corporation | Guerra Cinco, Inc.<br>Ave. Jesus T. Pinero #1039<br>San Juan, PR 00920 | Lease and<br>Supply<br>Agreement |
| 160 | Caribbean Petroleum Corporation | Visbal Castro, Elving O.<br>P.O. Box 3029<br>Aguadilla, PR 00604 | Trial<br>Franchise |
| 162 | Caribbean Petroleum Corporation | Peña Rodriguez, Cristobal<br>P.O. Box 908<br>San Lorenzo, PR 00754 | Lease and<br>Supply<br>Agreement |
| 163 | Caribbean Petroleum Corporation | Awadallah Odeh, Wifki<br>Ave. Central Esq. San<br>Patricio #1652<br>Las Lomas<br>Rio Piedras, PR 00921 | Lease and<br>Supply<br>Agreement |

| | | | |
|---|---|---|---|
| 165 | Caribbean Petroleum Corporation | Hamad Corporation<br>Calle Dr. Cueto 19<br>Utuado, PR 00641 | Lease and Supply Agreement |
| 167 | Caribbean Petroleum Corporation | Vélez Rebollar, Maritza<br>HC-03 Box 12622<br>Juana Diaz, PR 00795 | Lease and Supply Agreement |
| 168 | Caribbean Petroleum Corporation | Cruz Ocasio, Carlos<br>P.O. Box 50415<br>Toa Baja, PR 00950-0415 | Lease and Supply Agreement |
| 170 | Caribbean Petroleum Corporation | Ortiz, ZulmaP.O. Box<br>1994Coamo, PR 00769 | Trial Franchise |
| 172 | Caribbean Petroleum Corporation | Loperena, Antonio<br>Urb. Las Palmas<br>Calle Corozo No. 211<br>Moca, PR 00676 | Lease and Supply Agreement |
| 173 | Caribbean Petroleum Corporation | Tavarez Santana, Diego<br>P.O. Box 810378<br>Carolina, PR 00981 | Trial Franchise |
| 174 | Caribbean Petroleum Corporation | Mohamed Saber Odeh<br>K-13 Kefferson St.<br>Parkville<br>Guaynabo, PR 00969 | Lease and Supply Agreement |
| 176 | Caribbean Petroleum Corporation | Crespo Ortiz, Luis Carlos<br>P.O. Box 1548<br>Guaynabo, PR 00970-1548 | Lease and Supply Agreement |
| 177 | Caribbean Petroleum Corporation | Awadallah Odeh, Wifki<br>Ave. Central Esq. San<br>Patricio #1652<br>Las Lomas<br>Rio Piedras, PR 00921 | Lease and Supply Agreement |
| 178 | Caribbean Petroleum Corporation | León, Antonio<br>1155 Ave. Hostos<br>Ponce, PR 00717-0931 | Lease and Supply Agreement |
| 179 | Caribbean Petroleum Corporation | Barreras Díaz, Philip DBA<br>Pbd Management<br>Urb. Las Cumbres<br>497 Ave. Emiliano Pol<br>PMB 624<br>San Juan, PR 00926-5636 | Lease and Supply Agreement |
| 180 | Caribbean Petroleum Corporation | Cruz Ocasio, Carlos<br>P.O. Box 50415<br>Toa Baja, PR 00950-0415 | Lease and Supply Agreement |
| 184 | Caribbean Petroleum Corporation | Abraham, Sami<br>Paseo Las Olas<br>Calle Tiburuon 335<br>Dorado, PR 00646 | Lease and Supply Agreement |
| 185 | Caribbean Petroleum Corporation | Santiago Rivera, Féliz<br>Box 206<br>Villalba, PR 00766 | Lease and Supply Agreement |

| 188 | Caribbean Petroleum Corporation | Vega Rosario, Heriberto<br>Urb. Los Angeles 2330<br>Calle Celestial<br>Carolina, PR 00979-1653 | Trial<br>Franchise |
|---|---|---|---|
| 191 | Caribbean Petroleum Corporation | Fuentes Service Station<br>PMB Box 342<br>425 Carr. 693 Suite I<br>Dorado, PR 00646 | Trial<br>Franchise |
| 193 | Caribbean Petroleum Corporation | Yacoub HusniP.O. Box<br>1813Utuado, PR 00641 | Lease and<br>Supply<br>Agreement |
| 194 | Caribbean Petroleum Corporation | Roca Esteves, Juan Jose<br>Ave. Miramar No. 650<br>Arecibo, PR 00612 | Lease and<br>Supply<br>Agreement |
| 195 | Caribbean Petroleum Corporation | Cabrera & Rosado<br>P.O. Box 1055<br>Guayama, PR 00784 | Trial<br>Franchise |
| 196 | Caribbean Petroleum Corporation | Cotto, Miguel<br>HC 7 Box 34328<br>Caguas, PR 00727-9420 | Trial<br>Franchise |
| 198 | Caribbean Petroleum Corporation | Jibril Johar, Mohamed<br>1365 San Felix St.<br>Altamesa Dev<br>San Juan, PR 00921 | Lease and<br>Supply<br>Agreement |
| 199 | Caribbean Petroleum Corporation | Santa Paula Oil Corporation<br>P.O. Box 8618<br>Bayamon, PR 00960-8035 | Lease and<br>Supply<br>Agreement |
| 300 | Caribbean Petroleum Corporation | ADJA Corp.<br>c/o Garage Bonin Corp.<br>P.O. Box 242<br>Barceloneta, PR 00617 | Lease-Sub<br>Lease |
| 304 | Caribbean Petroleum Corporation | Iván Sierra Cintrón<br>Laderas de Palma Real<br>Cervantes W-7-32<br>San Juan, PR 00926 | Lease-Sub<br>Lease |
| 321 | Caribbean Petroleum Corporation | Miguel Cotto - Caguas<br>HC 7 Box 34328<br>Caguas, PR 00725-9420 | Lease-Sub<br>Lease |
| 327 | Caribbean Petroleum Corporation | Abraham Petroleum<br>Paseo Las Olas<br>Calle Tiburuon 335<br>Dorado, PR 00646 | Lease-Sub<br>Lease |
| 342 | Caribbean Petroleum Corporation | Russe, Pedro R.<br>HC-02 Box 6035<br>Sector La Linea<br>Morovis, PR 00717-9722 | Lease-Sub<br>Lease |
| 345 | Caribbean Petroleum Corporation | Armando Santiago<br>Urb. Los Flamboyanes # 24<br>Aguada, PR 00602 | Lease-Sub<br>Lease |

| | | | |
|---|---|---|---|
| 361 | Caribbean Petroleum Corporation | Abraham Petroleum<br>Paseo Las Olas<br>Calle Tiburuon 335<br>Dorado, PR 00646 | Lease-Sub<br>Lease |
| 366 | Caribbean Petroleum Corporation | Alomac Properties And<br>Realty, Inc.<br>HC 7 Box 34328<br>Caguas, PR 00725-9420 | Lease-Sub<br>Lease |
| 371 | Caribbean Petroleum Corporation | Cuevas González, NoelP.O.<br>Box 763Camuy, PR 00627 | Lease-Sub<br>Lease |
| 376 | Caribbean Petroleum Corporation | Rullán Bayron, Alberto<br>Garza No. 5<br>Adjuntas, PR 00610 | Lease-Sub<br>Lease |
| 402 | Caribbean Petroleum Corporation | Coop. Gasolinera De Hato<br>Tejas<br>P.O. Box 282<br>Bayamon, PR 00960 | Lease-Sub<br>Lease |
| 404 | Caribbean Petroleum Corporation | Mark Ter Horst<br>P.O. Box 8490<br>Humacao, PR 00792 | Lease-Sub<br>Lease |
| 406 | Caribbean Petroleum Corporation | Yacoub Husni<br>P.O. Box 1813<br>Utuado, PR 00641 | Lease-Sub<br>Lease |
| 407 | Caribbean Petroleum Corporation | Hamad Corporation<br>Calle Dr. Cueto 19<br>Utuado, PR 00641 | Lease-Sub<br>Lease |
| 414 | Caribbean Petroleum Corporation | Francisco Ortiz Roura<br>P.O. Box 1502<br>Orocovis, PR 00720 | Lease-Sub<br>Lease |
| 415 | Caribbean Petroleum Corporation | Kata, Inc.<br>Cond. San Alberto # 605<br>Ave. Condado Suite 721<br>San Juan, PR 00983 | Lease-Sub<br>Lease |
| 424 | Caribbean Petroleum Corporation | Damian Irizarry<br>P.O. Box 125<br>Lajas, PR 00667 | Lease-Sub<br>Lease |
| 425 | Caribbean Petroleum Corporation | Antonio Torres<br>P.O. Box 1497<br>Rio Grande, PR 00745 | Lease-Sub<br>Lease |
| 427 | Caribbean Petroleum Corporation | Villa Turabo Service<br>Station, Inc.<br>HC 7 Box 34328<br>Caguas, PR 00727-9420 | Lease-Sub<br>Lease |
| 428 | Caribbean Petroleum Corporation | Hato Gas Service Station,<br>Inc.<br>HC 7 Box 34328<br>Caguas, PR 00725-9420 | Lease-Sub<br>Lease |

| | | | |
|---|---|---|---|
| 431 | Caribbean Petroleum Corporation | Wifki Awadallah<br>Ave. Central Esq. San<br>Patricio # 1625<br>Las Lomas<br>Rio Piedras, PR 00921 | Lease-Sub<br>Lease |
| 432 | Caribbean Petroleum Corporation | Rafael José Segarra<br>C. Grus 222<br>Parque de Isla Verde<br>Carolina, PR 00979-1381 | Lease-Sub<br>Lease |
| 435 | Caribbean Petroleum Corporation | Nieves Ocasio, Juan Ramon<br>HC-02 Box 10094<br>Quebradillas, PR 00678 | Lease-Sub<br>Lease |
| 440 | Caribbean Petroleum Corporation | Vega Baja Gulf, Inc.P.O.<br>Box 2131Vega Baja, PR<br>00694-2131 | Lease-Sub<br>Lease |
| 441 | Caribbean Petroleum Corporation | Mother & Son Adm.<br>Services<br>HC-40 Box 47926<br>San Lorenzo, PR 00754 | Lease-Sub<br>Lease |
| 445 | Caribbean Petroleum Corporation | Torres Droz, David<br>P.O. Box 373<br>Las Marias, PR 00670 | Lease-Sub<br>Lease |
| 446 | Caribbean Petroleum Corporation | Jose Rivera Torres<br>HC-03 Box 15623<br>Bo. Jacaguas<br>Juana Diaz, PR 00795-9523 | Lease-Sub<br>Lease |
| 449 | Caribbean Petroleum Corporation | Miguel Cotto - Caguas<br>HC 7 Box 34328<br>Caguas, PR 00725-9420 | Lease-Sub<br>Lease |
| 452 | Caribbean Petroleum Corporation | Neroby Developers Corp.<br>Box 50367<br>Toa Baja, PR 00950-0367 | Lease-Sub<br>Lease |
| 453 | Caribbean Petroleum Corporation | Mahmoud Ali Shehadeh<br>P.O. Box 3313<br>Vega Alta, PR 00692 | Lease-Sub<br>Lease |
| 459 | Caribbean Petroleum Corporation | Marina Puerto Chico<br>P.O. Box 488<br>Puerto Real<br>Fajardo, PR 00740-0488 | Supply |
| 463 | Caribbean Petroleum Corporation | Cruz Rivera, Jose A.<br>Urb. Villanueva<br>Calle 4 Esq. 5 Q-9<br>Caguas, PR 00725 | Lease-Sub<br>Lease |
| 464 | Caribbean Petroleum Corporation | Coop. Gasolinera De<br>Dorado - Dorado<br>P.O. Box 407<br>Dorado, PR 00646-0407 | Lease-Sub<br>Lease |
| 467 | Caribbean Petroleum Corporation | Dernis Adrían Castro<br>Rivera<br>HC-01 Box 8139<br>Loiza, PR 00772 | Lease-Sub<br>Lease |

| | | | |
|---|---|---|---|
| 468 | Caribbean Petroleum Corporation | Figueroa Baez, Henry Charles - Ponce P.O. Box 2000 PMB 15 Mercedita, PR 00715 | Lease-Sub Lease |
| 469 | Caribbean Petroleum Corporation | Santa Paula Oil Corporation P.O. Box 8618 Bayamon, PR 00960-8035 | Lease-Sub Lease |
| 472 | Caribbean Petroleum Corporation | Abraham Petroleum Paseo Las Olas Calle Tiburuon 335 Dorado, PR 00646 | Lease-Sub Lease |
| 473 | Caribbean Petroleum Corporation | King Oil Corp.P.O. Box 69001Suite 118Hatillo, PR 00659-6901 | Lease-Sub Lease |
| 474 | Caribbean Petroleum Corporation | A.Y.N. Investment P.O. Box 69001 Suite 118 Hatillo, PR 00659-6901 | Lease-Sub Lease |
| 478 | Caribbean Petroleum Corporation | Luis Petrovich Clavell Box 10698 Ponce, PR 00732 | Lease-Sub Lease |
| 479 | Caribbean Petroleum Corporation | Al Amana Corp, Bayamon P.O. Box 3313 Vega Alta, PR 00692 | Lease-Sub Lease |
| 482 | Caribbean Petroleum Corporation | Rodriguez Triff, Daniel Pio Baroja 315 El Senorial San Juan, PR 00926 | Lease-Sub Lease |
| 483 | Caribbean Petroleum Corporation | Ríos Ruiz, Luis Angel HC-02 Box 6026 Adjuntas, PR 00601-9601 | Lease-Sub Lease |
| 485 | Caribbean Petroleum Corporation | Abraham Petroleum Paseo Las Olas Calle Tiburuon 335 Dorado, PR 00646 | Lease-Sub Lease |
| 487 | Caribbean Petroleum Corporation | Ramón L. Nieves HC-01 Box 3721 Corozal, PR 00643 | Lease-Sub Lease |
| 489 | Caribbean Petroleum Corporation | Gama Group, Inc. P.O. Box 8631 Bayamon, PR 00960-8631 | Lease-Sub Lease |
| 497 | Caribbean Petroleum Corporation | Luis R. Coss Rivera HC-70 Box 25999 San Lorenzo, PR 00754 | Lease-Sub Lease |
| 499 | Caribbean Petroleum Corporation | Deleon Bello, Pedro J. - Manatí P.O. Box 1608 Vega Baja, PR 00694-1608 | Lease-Sub Lease |

| | | | |
|---|---|---|---|
| 600 | Caribbean Petroleum Corporation | Glorisan, Inc. - Ponce Urb. Caminos del Sur Calle Pelicano #407 Ponce, PR 00731 | Lease-Sub Lease |
| 730 | Caribbean Petroleum Corporation | Abraham Petroleum Paseo Las Olas Calle Tiburuon 335 Dorado, PR 00646 | Supply |
| 732 | Caribbean Petroleum Corporation | Abraham Petroleum Paseo Las Olas Calle Tiburuon 335 Dorado, PR 00646 | Lease-Sub Lease |
| 733 | Caribbean Petroleum Corporation | Abraham PetroleumPaseo Las OlasCalle Tiburuon 335Dorado, PR 00646 | Supply |
| 734 | Caribbean Petroleum Corporation | Abraham Petroleum Paseo Las Olas Calle Tiburuon 335 Dorado, PR 00646 | Supply |
| 735 | Caribbean Petroleum Corporation | Abraham Petroleum Paseo Las Olas Calle Tiburuon 335 Dorado, PR 00646 | Supply |
| 736 | Caribbean Petroleum Corporation | Abraham Petroleum Paseo Las Olas Calle Tiburuon 335 Dorado, PR 00646 | Lease-Sub Lease |
| 738 | Caribbean Petroleum Corporation | Abraham Petroleum Paseo Las Olas Calle Tiburuon 335 Dorado, PR 00646 | Supply |
| 743 | Caribbean Petroleum Corporation | Abraham Petroleum Paseo Las Olas Calle Tiburuon 335 Dorado, PR 00646 | Supply |
| 746 | Caribbean Petroleum Corporation | Abraham Petroleum Paseo Las Olas Calle Tiburuon 335 Dorado, PR 00646 | Supply |
| 748 | Caribbean Petroleum Corporation | Abraham Petroleum Paseo Las Olas Calle Tiburuon 335 Dorado, PR 00646 | Supply |
| 801 | Caribbean Petroleum Corporation | Morales, William Box 595 Guanica, PR 00653 | Lease-Sub Lease |

| 802 | Caribbean Petroleum Corporation | Wifki Awadallah<br>Ave. Central Esq. San<br>Patricio # 1625<br>Las Lomas<br>Rio Piedras, PR 00921 | Lease-Sub<br>Lease |
|-----|--------------------------------|--------------------------------------------------------------------------------------------|--------------------|
| 803 | Caribbean Petroleum Corporation | Victor M. Gonzalez<br>Calle Oviero Bloque 7 #3<br>Urb. Torrimar<br>Guavnabo, PR 00653 | Lease-Sub<br>Lease |
| 804 | Caribbean Petroleum Corporation | V & F Administration<br>Group, Inc.<br>68 Palmeras Reales<br>Humacao, PR 00791 | Supply |
| 805 | Caribbean Petroleum Corporation | Anastacio Soto D/B/A<br>Asoc. De Pescadores de<br>Culebra<br>P.O. Box 240<br>Culebra, PR 00775 | Lease-Sub<br>Lease |
| 900 | Caribbean Petroleum Corporation | Vilmarie Zayas CabezaP.O.<br>Box 656Punta<br>SantiagoHumacao, PR<br>00741 | Lease-Sub<br>Lease |
| 905 | Caribbean Petroleum Corporation | Caez Rodríguez, Carlos<br>Villa Carolina<br>Calle 603 Bloque 222 #23<br>Carolina, PR 00985 | Lease-Sub<br>Lease |