J-A17032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, L.P., F/K/A COUNTRYWIDE HOME LOANS SERVICING, L.P. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MATTHEW J. GIBSON | |
| Appellant | No. 2472 EDA 2013 |

Appeal from the Order entered July 30, 2013
In the Court of Common Pleas of Chester County
Civil Division at No: 12-09196-RC

BEFORE:  GANTMAN, P.J., PANELLA, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                   **FILED AUGUST 25, 2014**

In this mortgage foreclosure action, the trial court entered summary judgment in favor of the mortgage holder, Appellee, Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P., f/k/a Countrywide Home Loans Servicing, L.P. (Bank of America).  William Gibson, Appellant and mortgagor, appeals from that order, arguing that disputed, genuine issues of material fact exist regarding an assignment of the mortgage, thus precluding entry of summary judgment.  We affirm.

On April 26, 2007, Appellant mortgaged the subject property to National Bank of Kansas City, the Lender, with Mortgage Electronic Systems Inc. (MERS) "acting solely as nominee for Lender and Lender's successors and assigns."  Mortgage ¶ (C).  The mortgage stated further:

> Borrower [*i.e.*, Appellant] understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, releasing and cancelling this Security Instrument.

*Id.* ¶ (Q). Appellant concurrently executed a promissory note in favor of National Bank of Kansas City. MERS later assigned the mortgage to Countrywide Home Loans, Inc., who then, in turn, assigned the mortgage to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP. Bank of America subsequently subsumed BAC Home Loans Servicing, LP, by merger.[1]

Bank of America filed a complaint in foreclosure against Appellant on August 29, 2012. Bank of America pled that it held Appellant's mortgage, and the mortgage was in default. In his answer with new matter, Appellant responded with general denials and a claim that he never executed a mortgage in favor of MERS. Bank of America moved for summary judgment, which the trial court granted. This appeal followed.

Before this Court, Appellant assigns the following as error:

---

[1] In addition to being duly recorded, the mortgage was filed of record in this case. **See** Plaintiff's Motion for Summary Judgment, 2/13/13, Exhibit A. The promissory note is Exhibit A-1. The two assignments, also filed with the recorder of deeds, are Exhibits A-2 and A-3. The documents evincing the merger of Countrywide Home Loans Servicing, LP, into Bank of America are Exhibit A-4.

Did the trial court commit an error of law in its grant of summary judgment when there did not exist a note transfer through the chain of loan title to [Bank of America], and the mortgage assignment was effectuated by [MERS], and, in doing so, relied on inadmissible claimed facts which otherwise created a genuine, material issue?

Appellant's Brief at 9. Appellant's argument is two-pronged. First, he claims that MERS lacked authority to assign the mortgage. Second, he contends that Bank of America does not hold the note securing the mortgage.

We review an order granting summary judgment for an abuse of discretion. ***Indalex, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA***, 83 A.3d 418, 420 (Pa. Super. 2013). Our scope of review is plenary, and we view the record in the light most favorable to the nonmoving party. ***Id.*** A party bearing the burden of proof at trial is entitled to summary judgment "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" Pa.R.C.P. No. 1035.2(1). In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact. Pa.R.C.P. No. 1035.3.

The holder of a mortgage has the right, upon default, to bring a foreclosure action. ***Cunningham v. McWilliams***, 714 A.2d 1054, 1056-57 (Pa. Super. 1998). The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount. ***Id.***

- 3 -

First, we reject Appellant's contention that MERS lacked the authority to assign the mortgage. Appellant cites no persuasive authority in support of this contention. The mortgage expressly granted the right to exercise all Lender's interests to MERS.

Appellant cites three cases that are in accord with his contention. We, however, find those cases wholly unpersuasive. In **In re Agard**, 444 B.R. 231, 250-54 (Bankr. E.D.N.Y. 2011), a federal bankruptcy court—applying New York law—held that MERS lacks authority to assign mortgages. On appeal, however, a federal district court vacated the bankruptcy court's decision as an unconstitutional advisory opinion.[2] **See Agard v. Select Portfolio Serv'g, Inc.**, Nos. 11–CV–1826(JS), 11–CV–2366(JS), 2012 WL 1043690, at *4-5, 2012 U.S. Dist. LEXIS 43286, at *11-13 (E.D.N.Y. Mar. 28, 2012). In **In re Wilhelm**, 407 B.R. 392, 403-05 (Bankr. D. Idaho 2009), another bankruptcy court held that purported holders of mortgage

---

[2] In his brief, Appellant cites **In re Agard** as having been "vacated on other grounds. Appellant's Brief at 13. That assertion is incorrect. **See Agard**, 2012 WL 1043690, at *4, 2012 U.S. Dist. LEXIS 43286 at *12 ("[The bankruptcy judge's] conclusion—that MERS did not have authority to assign the Mortgage—had no effect on the parties or the bankruptcy. Accordingly, this portion of the Stay Order constitutes an unconstitutional advisory opinion and must be vacated.") (paragraph break omitted). In addition, at least one New York trial court has disavowed **In re Agard**'s reading of state law. **See Deutsche Bank Nat'l Tr. Co. v. Pietranico**, 928 N.Y.S.2d 818, 835-36 (Sup. Ct. Suffolk County), *aff'd*, 957 N.Y.S.2d 868 (App. Div. 2d Dep. 2013).

notes lacked standing to move for relief from a bankruptcy stay, because the mortgage notes did not grant MERS the power to assign under Idaho law. *In re Wilhelm*, however, involved non-judicial foreclosures, and the Idaho Supreme Court subsequently held that a trustee need not prove standing under Idaho law prior to initiating a non-judicial foreclosure proceeding. *See Trotter v. Bank of N.Y. Mellon*, 275 P.3d 857, 861-62 (Idaho 2012). The third case, *Bain v. Metro. Mortgage Group, Inc.*, 285 P.3d 34, 41-47 (Wash. 2010), concerned whether MERS can be a beneficiary under Washington's Deed of Trust Act.

Appellant's other cases concern MERS' ability to maintain a private recording system—not its authority to assign mortgages under Pennsylvania law. *See MERSCORP, Inc. v. Romaine*, 861 N.E.2d 81, 82, 85 (N.Y. 2006) (holding that New York county clerks are required to record and index mortgages and assignments listing MERS as the lender's nominee or mortgagee of record); *Montgomery County, Pa. Recorder of Deeds v. MERSCORP, Inc.*, 298 F.R.D. 202 (E.D. Pa. 2014) (granting class action status to Pennsylvania's recorders of deeds seeking to compel MERS to judicially record all mortgage assignments on MERS' private recording system).[3]

_____

[3] In a subsequent reported opinion, the district court denied MERS' motion for summary judgment. *Montgomery County*, --- F. Supp. 2d ---, 2014 WL 1608394, 2014 U.S. Dist. LEXIS 55436 (E.D. Pa. Apr. 22, 2014). In a second reported opinion, the district court granted in part the recorders'
*(Footnote Continued Next Page)*

We find one of our own decisions, **MERS v. Ralich**, 982 A.2d 77 (Pa. Super. 2009), to be instructive. In **Ralich**, the mortgagors attempted to forestall a sheriff's sale by arguing, *inter alia*, that MERS lacked the authority to foreclose. Construing a mortgage with language identical to the mortgage in this case, we held that the mortgage clearly gave MERS, as nominee, the authority to enforce the loan. We reach the same result here. Appellant's mortgage granted MERS the right to exercise "any and all" interests incidental to legal title. Those interests include the ability to assign the mortgage.

Finally, we are persuaded by the fact that Appellant made payments on his mortgage to Bank of America until his default. Only after Bank of America began foreclosure proceedings did Appellant contend that the mortgagee to whom he had been making payments was operating under an improperly transferred mortgage.

We next turn to Appellant's contention that Bank of America's note is "endorsed without date and not in favor of [Bank of America] as required." Appellant's Brief at 13. The law is inapposite.

*(Footnote Continued)* ———————————

motion for summary judgment and held that MERS must record its mortgages and assignments in county recording offices. **Montgomery County**, --- F. Supp. 2d ---, 2014 WL 2957494, 2014 U.S. Dist. LEXIS 89222 (E.D. Pa. July 1, 2014).

We note that the two assignments at issue in this case were recorded with the Chester County Recorder of Deeds. **See supra**, note 1.

Under the Pennsylvania Uniform Commercial Code (PUCC), the note securing a mortgage is a negotiable instrument. *J.P. Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258 (Pa. Super. 2013). A note endorsed in blank is a "bearer note," payable to anyone on demand regardless of who previously held the note. 13 Pa.C.S.A. §§ 3109(a), 3301. The note in this case, therefore, is an unconditional promise by Appellant to pay a fixed amount of money to Bank of America, with interest, at a definite time. The record in this case clearly shows that Bank of America holds the note, and therefore the mortgage. Appellant failed to put forth any evidence or legal authority to the contrary. Instead he cited only general definition sections of the PUCC and the section concerning lost or stolen instruments, which is inapplicable. *See* Appellant's Brief at 13 (citing 13 Pa.C.S.A. §§ 1201(21), 9109(a)(3), and 3309).

Finally, Appellant argues the entry of summary judgment violated the rule of *Nanty-Glo v. American Surety Co.*, 163 A. 523 (Pa. 1932), because the trial court relied on an affidavit that was inadmissible hearsay.[4] We agree with Bank of America that the *Nanty-Glo* rule is inapplicable here.[5] *Nanty-Glo* prohibits entry of summary judgment based on the

---

[4] We could consider this argument waived, because Appellant failed to include it in his concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii).

[5] In its brief, Bank of America cites an unreported memorandum decision of this Court. *See* Appellee's Brief at 21 (citing and quoting *Bank of Am.,*
*(Footnote Continued Next Page)*

moving party's oral testimony. *See Sherman v. Franklin Regional Med. Ctr.*, 660 A.2d 1370, 1372 (Pa. Super. 1995). "An exception to this rule exists, however, where the moving party supports the motion by using admissions of the opposing party . . . ." *Id.* Admissions include facts admitted in pleadings. *Durkin v. Equine Clinics, Inc.*, 546 A.2d 665, 670 (Pa. Super. 1988).

As noted above, Appellant responded with general denials to the material portions of Bank of America's complaint. General denials constitute admissions where—like here—specific denials are required. *See* Pa.R.C.P. No. 1029(b). Furthermore, "in mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing [on the mortgage] must be considered an admission of those facts." *First Wis. Tr. Co. v. Strausser*, 653 A.2d 688, 692 (Pa. Super. 1995); *see* Pa.R.C.P. No. 1029(c) *Note*. By his ineffective denials and improper claims of lack of knowledge, Appellant admitted the material allegations of the complaint, which permitted the trial court to enter summary judgment on those admissions. Finally, insofar as Appellant contends that the affidavit

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

*N.A. v. Rogers*, 4 A.3d 670 (Pa. Super. 2010) (unpublished memorandum)). We remind Bank of America that this Court's Internal Operating Procedures prohibit parties from citing unpublished memorandum decisions except in limited circumstances not present here. 210 Pa. Code § 65.37(A).

constitutes hearsay, we agree with Bank of America that the referenced loan history documents are records of regularly conducted activity, or business records, and would be admissible at trial with proper foundation. ***See*** Pa.R.E. 803(6); 42 Pa.C.S.A. § 6108.

In sum, the trial court did not abuse its discretion in granting Bank of America's motion for summary judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2014