J-S63002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR3 MORTGAGE PASS THROUGH CERTIFICATES SERIES 2007-BR3, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAN C. BUECKER AND BRIAN E. BUECKER, | |
| Appellants | No. 1757 MDA 2013 |

Appeal from the Judgment Entered August 29, 2013
In the Court of Common Pleas of Lancaster County
Civil Division at No(s): CI-08-14272

BEFORE:  BOWES, PANELLA, and PLATT,[*] JJ.

MEMORANDUM BY BOWES, J.:          **FILED NOVEMBER 18, 2014**

Jan C. Buecker and Brian E. Buecker appeal from the trial court's grant of Deutsche Bank National Trust Company's motion for summary judgment in this mortgage foreclosure action.  We affirm.

The trial court delineated the salient background of this matter as follows.

_____

[*]  Retired Senior Judge assigned to the Superior Court.

The [c]omplaint was filed by Plaintiff on December 23, 2008[,] alleging that the property at 527 West Chestnut Street, Lancaster, PA 17603 ("the Property") was in default, and that the total amount due on the Property at the time of filing, including unpaid principal, interest, and other fees, was $294,557.86. Plaintiff sent each named Defendant a notice of intention to foreclose via certified and regular mail in compliance with the Pennsylvania Homeowner's Emergency Assistance Program ("Act 91"). In the [c]omplaint[,] Plaintiff requested *in rem* judgment against the Defendants for that amount with interest accruing at 9.525% ($62.60 per diem).

In their [a]nswer, Defendants conceded that they had taken out a mortgage on the Property, but claimed that the attorney's fees claimed in Plaintiff's complaint were manifestly unreasonable. Defendants filed counterclaims alleging violation of the Pennsylvania Fair Credit Extension Uniformity Act ("PAFCEUA") for attorney's fees that were "overstated, or fraudulent, or . . . never actually incurred," violation of the Pennsylvania Unfair Trade Practices Act ("PAUTPA"), negligence, and intentional infliction of emotional distress. Plaintiff filed timely responses in opposition to Defendant's counterclaims. On August 20, 2012, Plaintiff filed a [m]otion for [s]ummary [j]udgment.

Defendants provided the court a *pro se* letter on April 2, 2013, claiming that they had accepted a [l]oan [m]odification [a]greement from Ocwen, a loan servicer, and that once payment was made to Ocwen, the loan servicer's representative would "drop" the [m]otion for [s]ummary [j]udgment. Although a document was provided detailing such an agreement, the Ocwen signature line was vacant. On April 16, 2013, Plaintiff's [m]otion for [s]ummary [j]udgment was granted and [a] rule was ordered for Defendants to show cause why judgment should not be entered against them. In response, Defendants' (sic) sent the court another letter, again *pro se*, on May 16, 2013, simply restating the averments made in their April 2 letter and arguing that such facts precluded judgment as a matter of law because they were material and unresolved. Defendants made no additional filings.

On August 26, 2013, Plaintiff filed a [m]otion to [m]ake [r]ule [a]bsolute, and on August 29, the court ordered that the [m]otion for [s]ummary [j]udgment be entered.

Trial Court Opinion, 12/19/13, at 1-3 (footnotes omitted).

Appellants filed the instant appeal on September 30, 2013. The trial court directed Appellants to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellants complied, and the trial court authored its decision. The matter is now ready for this Court's consideration. Appellants present two issues for our review.

> 1. Did the trial court's conclusion that the Defendants failed to raise an issue of material fact with respect to the existence of a loan modification in their responses to the Motion for Summary Judgment constitute an error o[f] law?
>
> 2. Did the trial court's conclusion that the Plaintiff's Motion for Summary Judgment was legally sufficient to allow the trial court to enter summary judgment where affidavits relied upon were made by an agent not recognized as an agent of the Plaintiff constitute an error of law?

Appellants' brief at 4.

Our review of an order granting a motion for summary judgment is settled. This Court reviews a trial court's grant of summary judgment under an abuse of discretion standard. *Bank of America, N.A. v. Gibson*, 2014 PA Super 217, *1. In conducting this review, we view the record in the light most favorable to the nonmoving party, *i.e.*, Appellants. *Id*. In addition, our scope of review is plenary. *Id*.

"A party bearing the burden of proof at trial is entitled to summary judgment 'whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be

established by additional discovery or expert report.'" *Id*.; Pa.R.C.P. No. 1035.2(1). Of course, "the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact." *Id*.; Pa.R.C.P. 1035.3. "The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." *Id*. at *2.

Appellants argue that their filings of both a letter and response to the trial court's rule to show cause indicated that they accepted a loan modification offer, which raises a genuine issue of material fact. In this regard, they submit that they attached loan modification proposals that they accepted. Appellants maintain that the trial court's rationale that the loan modification was not signed by Ocwen is insufficient grounds to grant summary judgment. They reason that the document did not require Ocwen's signature to be enforceable and that all reasonable inferences are to be resolved in their favor as the non-moving party.

Appellee initially responds with a frivolous argument that Appellant's notice of appeal was untimely and that this appeal should be quashed. As noted, the entry of judgment in this matter occurred on August 29, 2013. Appellants filed the instant notice of appeal on September 30, 2013. The thirtieth day for filing an appeal fell on Saturday, September 28, 2013. Accordingly, Appellants' September 30, 2013 notice of appeal was timely.

With respect to the merits of Appellants' initial contention, Appellee contends that a "half-executed proposed loan modification proposal" does not constitute an issue of material fact. Appellee's brief at 8 (emphasis omitted). Appellee submits that because Appellants did not meet all of the requirements of the proposed modification by not making a timely down payment and providing proof of insurance, the proposed agreement was not completed. Appellee acknowledges that there is no Pennsylvania case law holding that a loan modification agreement must be signed by both parties to be enforceable. However, it posits that such a principle has been recognized in Florida and the Sixth Circuit Court of Appeals. Accordingly, it asserts that Appellants' signing of the proposed modification does not result in that agreement becoming a binding contract.

The trial court found that Appellants admitted that they are the mortgagors of the property in question and that they had failed to comply with the terms of the mortgage. The court added that Appellants' general averments of a lack of knowledge in its answer to Appellee's complaint were insufficient because they were in position to gather the pertinent information. Finally, it posited that the absence of seal or signature on the loan modification agreement offer rendered any agreement unenforceable.

Here, there is no dispute that Appellants are in default on their mortgage. Their primary challenge concerns a loan modification proposal. That modification offer required Appellants to pay $1,127.89 on or before

April 26, 2013, and resume making payments of $662.65 on June 1, 2013. It further provided,

> Time is of the essence on this offer. If ALL of the items above are not completed by the Due Date, which included the receipt of an executed counterpart to the Agreement signed by all parties, the Agreement will have no force or effect and the original terms of your note will apply. Any down payment received will be applied in accordance with the original terms of your loan agreement. Please be advised that Ocwen Loan Servicing, LLC will not delay, postpone or otherwise stop any collection efforts until ALL of the steps above have been completed.

Proposed Modification Agreement, 3/28/13, at 1.

Appellants' own emails to Ocwen post-April 26, 2013, reflect that they had not complied with the modification proposal by submitting the initial down payment. Further, Ocwen had not executed a counterpart to the agreement that was signed by all parties. Appellants did not submit any proof that they complied with the actual loan modification agreement, and the offer plainly states that foreclosure proceedings will not be placed on hold. Under the clear terms of the offer, time was of the essence and Appellants were required to submit both a down payment and resume monthly payments. Appellants never offered any evidence that they had resumed making monthly payments prior to the August 29, 2013 entry of judgment. Accordingly, there are no genuine issues of material fact that Appellants are not in default.

Appellants' second issue is a challenge to the affidavit by Ocwen attached to Appellee's motion for summary judgment. Appellants contend

that, because there is nothing in the record establishing that Ocwen was acting as an agent for Appellee, that the affidavit could not be relied on by the trial court to establish the elements of a mortgage foreclosure action. Thus, it maintains that Appellee did not establish the requisite elements to succeed in a mortgage foreclosure action.

Appellee counters that Appellants waived this argument by never raising this argument below, and that the trial court did not rely upon the affidavit and instead determined that Appellants admitted the elements for a mortgage foreclosure action based on the general denials in their answer. We agree on both counts. Appellants did not level an attack based on Ocwen allegedly not being an agent of Appellee until filing their Pa.R.A.P. 1925(b) statement. Thus, the issue is waived. Pa.R.A.P. 302(a). Moreover, it is well-established that general averments in the nature of a denial constitute an admission in a mortgage foreclosure action when the mortgagor would necessarily have sufficient information to know if the allegations relative to the mortgage are true. ***See First Wisconsin Trust Co. v. Strausser***, 653 A.2d 688 (Pa.Super. 1995). Hence, the court was not required to rely on the affidavit.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/18/2014</u>