J-A17020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWIN CARDENALES, JACKELYN CARDENALES A/K/A JACKELYN TINEO CARDENALES | |
| Appellants | No. 2101 EDA 2013 |

Appeal from the Order June 27, 2013
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2012-C-459

BEFORE:  GANTMAN, P.J., PANELLA, J., and STABILE, J.

MEMORANDUM BY PANELLA, J.  **FILED DECEMBER 19, 2014**

Appellants, Edwin Cardenales and Jackelyn Cardenales ("the Cardenales"), appeal from the order granting summary judgment to the Bank of America ("the Bank") in its mortgage foreclosure action.  After careful review, we affirm.

On July 13, 2007, the Cardenales executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Countrywide Bank, FSB.  At the same time, the Cardenales executed a promissory note in favor of Countrywide Bank, FSB, and the mortgage was subsequently recorded in the Recorder of Deeds of Lehigh County.  In late 2010, BAC Home Loans Servicing, Inc., filed an assignment of mortgage

indicating that the mortgage had been assigned in BAC's favor. The Bank is the successor by merger to BAC.

On February 7, 2012, the Bank filed a mortgage foreclosure action against the property secured by the mortgage. The Cardenales filed an Answer with New Matter, to which the Bank filed a responsive pleading. The trial court subsequently granted the Bank's motion for summary judgment, and this timely appeal followed.

On appeal, the Cardenales raise the following issues for our review:

[1.] Did the trial court commit an error of law in its grant of summary judgment upon a defective note transfer and mortgage assignment?

[2.] Did the trial court commit an error of law when it refused Appellants' underlying request to depose the assignment of mortgage's executrix?

[3.] Did the trial court commit an error of law in its grant of summary judgment upon an inadmissible hearsay testimonial affidavit predicated upon an indecipherable hearsay "loan history?"

Appellant's Brief, at 9.

The Cardenales' first argument actually subsumes two separate issues. First, they argue that the Bank's note, which is endorsed in blank, does not name the Bank. Second, they argue that MERS is not empowered to assign mortgages. Both of these arguments were rejected in ***Bank of America, N.A.***, ***v. Gibson***, ____ A.3d ____, ____, 2014 WL 4923106, *2-*3 (Pa. Super.

2014).[1]  Accordingly, we conclude that the Cardenales are due no relief on this issue.

Next, the Cardenales contend that the trial court erred in failing to grant their request to depose Judith Romano, Esq., who executed the assignment of mortgage on behalf of MERS.  The Cardenales argue that they were entitled to explore Attorney Romano's factual and legal authority to execute the assignment of mortgage, as they "are not aware of any binding authority which grants MERS the ability to execute assignments of mortgage[.]"  Appellant's Brief, at 17.  However, as noted above, this Court has held that MERS has this ability, so long as the mortgage documents provide for it.  Here, the mortgage document explicitly identifies MERS as the mortgagee.  *See* Mortgage, at 2.  Furthermore, the mortgage provides that MERS has the right to foreclose and sell the property secured by the mortgage.  *See id*., at 4.  Thus, the Cardenales have failed to identify any material evidence that could have been produced through deposing Attorney Romano.  The Cardenales' second issue on appeal therefore merits no relief.

---

[1] The trial court held that the Cardenales had waived this issue by failing to file preliminary objections to the Bank's standing in this matter.  However, a review of the record indicates that the Cardenales asserted the Bank's lack of standing in their Answer and New Matter.  *See* Defendants' Answer with New Matter, filed 9/6/12, at Answer, ¶ 3; at New Matter, ¶ 2.  "Challenges to a litigant's capacity to sue must be raised by way of preliminary objections *or answer*."  *Hall v. Episcopal Long Term Care*, 54 A.3d 381, 399 (Pa. Super. 2012) (emphasis supplied).  Thus, the trial court erred in concluding that the Cardenales had waived this issue.

In their final argument, the Cardenales assert that the trial court erred in relying upon inadmissible hearsay documents in granting summary judgment. The exact arguments raised by the Cardenales in this issue were also rejected in **Gibson**. **See Gibson**, 2014 WL at *3. We therefore conclude that the Cardenales' final issue on appeal merits no relief.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2014