J-A23030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| U.S. BANK, N.A., IN ITS CAPACITY AS TRUSTEE FOR MORGAN STANLEY DEAN WITTER CAPITAL I INC. TRUST 2001-NC4, BY ITS ATTORNEY IN FACT OCWEN LOAN SERVICING, LLC | : : : : : : : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br>No. 407 WDA 2018 |
| v. | | |
| JAMES SUCHETSKI A/K/A JAMES SUCHETSKI, JR. AND JAMES SUCHETSKI A/K/A JAMES SUCHETSKI, SR. | | |
| APPEAL OF: JAMES SUCHETSKI A/K/A JAMES SUCHETSKI, SR. | | |

Appeal from the Judgment Entered March 12, 2018
In the Court of Common Pleas of Westmoreland County Civil Division at
No(s):  7099 of 2011

BEFORE:  BOWES, J., SHOGAN, J., and STABILE, J.

MEMORANDUM BY SHOGAN, J.: **FILED OCTOBER 30, 2018**

James Suchetski, Sr. ("James Sr.") appeals from the judgment entered in the Court of Common Pleas of Westmoreland County, following the entry of summary judgment in favor of U.S. Bank N.A. ("Bank") in this mortgage foreclosure action.[1]  We affirm.

Using the name James Suchetski, James Suchetski, Jr. ("James Jr.") signed a promissory note ("Note") on September 19, 2001, to borrow $47,250

---

[1]  James Suchetski, Jr. filed a separate appeal at 406 WDA 2018.

from Bank ("Loan"). In consideration of the Loan, James Jr. executed a mortgage in favor of Bank ("Mortgage") on the same date and under the same name, pledging property located at 273 Kochka Drive, Apollo, Pennsylvania (the "Property"), and warranting that he had title to the Property.[2] The Property consists of two parcels. James Jr.'s mobile home is located on one parcel; the other parcel is vacant. The Mortgage was recorded on October 15, 2001, and contains an express representation that James Jr. owns the Property. The Mortgage also bears James Jr.'s initials on each page and his signature on the execution line.

James Jr. failed to make a monthly mortgage payment on June 1, 2011, and each month thereafter, in breach of the Note and Mortgage. Thus, Bank filed a foreclosure action on October 28, 2011, naming James Jr. as the defendant. After a series of unsuccessful preliminary objections, James Jr. filed an Answer and New Matter on April 16, 2012. Following discovery, Bank requested and was granted leave to file an amended complaint, adding James Sr. as a co-defendant. Amended Complaint, 5/4/15. James Sr. filed an Answer and New Matter to the Amended Complaint on July 30, 2015, asserting that he owned the Property and that he did not authorize James Jr. to encumber the Property. James Sr.'s Brief at 3.

_____

[2] The deed for the Property was dated June 4, 1992, and recorded June 16, 1992, in the Westmoreland County Recorder of Deeds office. The deed identifies "James Suchetski" as owner.

Bank filed a motion for summary judgment on November 28, 2017. James Sr. did not file a response in opposition to Bank's motion pursuant to Westmoreland Local Rule of Civil Procedure ("Local Rule") W1035.2(a)(2)(a).[3] The trial court heard oral argument from Bank's counsel on January 31, 2018. Given James Sr.'s failure to file a response to Bank's motion, his counsel was prohibited from arguing pursuant to Local Rule W1035.2(a)(3)(b).[4] In an order dated February 14, 2018, the trial court entered summary judgment in favor of Bank on two grounds. Procedurally, James Sr. did not file a timely

_____

[3] This rule reads as follows:

**(2) Filing and Service requirements for Briefs in opposition to the Motion for Summary Judgment.**

(a) Within thirty (30) days of service of the moving party's Motion and Brief, a party to whom a Motion for Summary Judgment is directed shall file a Brief in opposition, unless that party has requested and obtained an Order of court granting leave to supplement the record pursuant to Pa.R.C.P. 1035.3, in which event the court shall set a briefing schedule. If an Order granting such leave is not obtained, there shall be no extension of the thirty (30) day period for filing the Brief or continuance of the argument to allow supplementation of the record.

Local Rule W1035.2(a)(2)(a)

[4] This rule reads as follows:

**(3) Sanctions.** . . . (b) If a non-moving party shall fail to comply with the requirements of this rule, that party shall not be permitted to present any oral argument.

Local Rule W1035.2(a)(3)(b)

brief in opposition to Bank's motion.  Substantively, no issues of material fact existed as to (1) the validity of the mortgage, (2) James Jr.'s intent to mortgage James Sr.'s property, (3) James Sr.'s assertion of defenses, (4) the mortgage being in default, and (5) the amount of damages.  James Sr. appealed.  James Sr. and the trial court complied with Pa.R.A.P. 1925.

On appeal, James Sr. appears to challenge the trial court's entry of summary judgment in favor of Bank based on its ruling that James Sr. filed "general denials to matters requiring specific denials."  James Sr.'s Brief at 2.[5] Generally:

> [w]e review an order granting summary judgment for an abuse of discretion. Our scope of review is plenary, and we view the record in the light most favorable to the nonmoving party.  A party bearing the burden of proof at trial is entitled to summary judgment "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" Pa.R.C.P. No. 1035.2(1).  In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact.  Pa.R.C.P. No. 1035.3.

---

[5]  James Sr.'s appellate brief does not include a Statement of the Questions Involved as required by Pa.R.A.P. 2111(a)(4) and 2116(a).  However, his Summary of the Argument, found on page two of his brief, sets forth the claims he raises.  Additionally, James Sr.'s brief does not include a copy of his Pa.R.A.P. 1925(b) statement or a copy of the trial court opinion, as required by Pa.R.A.P. 2111(a)(10), (11), and 2111(b).  Because James Sr.'s violations do not preclude effective appellate review, we will consider the claims raised on appeal. ***See Barrick v. Holy Spirit Hosp. of the Sisters of Christian Charity***, 32 A.3d 800, 804 (Pa. Super. 2011) ("Upon consideration, we determine that the deficiencies found in [a]ppellants' substituted brief do not substantially hinder our ability to conduct meaningful appellate review.").

*Bank of America, N.A. v. Gibson*, 102 A.3d 462, 464 (Pa. Super. 2014) (some internal citations omitted). Specifically, "[t]he holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." *Id.* at 465.

James Sr. asserts trial court error and abuse of discretion in granting Bank's summary judgment motion where genuine issues of material fact are in dispute regarding his ownership of the Property, the validity of the Mortgage, and the nature of his denial. James Sr.'s Brief at 3–6. Upon review, we conclude that James Sr. is not entitled to relief.

Pa.R.C.P. 1035.3 sets forth the procedure for a party's response to a motion for summary judgment, and the potential consequence of failure to respond. It states, in pertinent part, as follows:

> (a) Except as provided in subdivision (e), **the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion**[6] identifying
>
> > (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or
> >
> > (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

---

[6] Local Rule W1035.2(a)(2)(a) mirrors this thirty-day response requirement.

* * *

(d) Summary judgment may be entered against a party who does not respond.

Pa.R.C.P. 1035.3(a)(1)–(2), (d) (emphasis supplied). Thus, the non-moving party bears an affirmative duty to respond to a motion for summary judgment, and if that party does not respond, the trial court may enter summary judgment on that basis. *See **Harber Philadelphia Center City Office Ltd. V. LPCI Ltd. Partnership**, 764 A.2d 1100 (Pa. Super. 2000) ("If the non-moving party does not respond, the trial court may grant summary judgment on that basis." (citing Pa.R.C.P. 1035.3(d)).*

In the instant case, James Sr. failed to respond to Bank's motion for summary judgment, despite the clear legal authority obligating him to do so. The trial court did not rule on Bank's motion until two and one-half months after Bank filed it, well beyond the thirty-day deadline for James Sr. to file a response. Under these circumstances, we conclude that the trial court did not err or abuse its discretion in entering summary judgment in favor of Bank. Pa.R.C.P. 1035.3(d). Accordingly, we affirm the judgment of the trial court.[7]

Judgment affirmed. Application to Strike denied.

---

[7] Bank has filed an application to strike the deposition of James Sr. submitted by James Sr. as a supplemental record. Application to Strike, 8/17/18. In light of our disposition of this appeal, we deny the application as moot.

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/30/2018