J-A05003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY FBS, D/B/A CHRISTIANA TRUST, AS INDENTURE TRUSTEE FOR THE CSMC-2017-1 TRUST, MORTGAGE BACKED NOTES, SERIES 2017-1 | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| UNITED STATES OF AMERICA; AND KATHY HORVATH; AND THOMAS HORVATH, A/K/A THOMAS E. HORVATH | : : : : : | |
| APPEAL OF: KATHY HORVATH | : | No. 972 WDA 2018 |

Appeal from the Order Entered June 7, 2018
In the Court of Common Pleas of Washington County
Civil Division at No(s):  2016-2210

BEFORE:  GANTMAN, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY GANTMAN, P.J.E.:                **FILED APRIL 12, 2019**

Appellant, Kathy Horvath, appeals from the order entered in the Washington County Court of Common Pleas, which granted summary judgment in favor of Appellee, Wilmington Savings Fund Society FBS, d/b/a Christiana Trust ("Bank").  We affirm.

The relevant facts and procedural history of this case are as follows.  On August 2, 2000, Appellant and her husband, Thomas Horvath, granted a residential mortgage in favor of Beneficial Consumer Discount Company, d/b/a Beneficial Mortgage Company of Pennsylvania ("BCDC"), in the amount of $125,999.61.  Appellant and Mr. Horvath failed to make the mortgage

payment due in June 2009, as well as all payments thereafter. On April 27, 2016, BCDC filed a mortgage foreclosure complaint against Appellant and Mr. Horvath, and a *praecipe* to reinstate the complaint on June 7, 2016. On September 6, 2016, Appellant filed an answer and new matter. BCDC filed a reply to Appellant's new matter on September 30, 2016.

On July 17, 2017, BCDC assigned the mortgage to Appellee, Bank, and Bank filed a *praecipe* to substitute as plaintiff on August 25, 2017. On March 7, 2018, Bank filed a motion for summary judgment against Appellant. In response, Appellant filed a brief in opposition to the motion on May 4, 2018. On June 7, 2018, the court entered summary judgment in favor of Bank. Appellant filed a *praecipe* to enter judgment in favor of Bank and a timely notice of appeal on July 6, 2018. On July 13, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b); Appellant timely complied.

Appellant raises the following issues for our review:

> DID THE [TRIAL] COURT ERR IN CONCLUDING THAT THERE ARE NO GENUINE ISSUES OF MATERIAL FACT REMAINING FOR DETERMINATION BY A FACT FINDER IN THIS MATTER ON THE ISSUE OF WHETHER APPELLANT…RECEIVED ANY BENEFIT OR CONSIDERATION FOR THE SUBJECT MORTGAGE LOAN?
>
> DID THE [TRIAL] COURT ERR IN DETERMINING THAT THERE ARE NO ISSUES OF MATERIAL FACT REMAINING WITH REGARD TO THE AMOUNT, IF ANY, OWED BY [APPELLANT] ON THE SUBJECT MORTGAGE LOAN?

(Appellant's Brief at 6).

Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law. *Mee v. Safeco Ins. Co. of Am.*, 908 A.2d 344, 347 (Pa.Super. 2006).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Miller v. Sacred Heart Hosp.*, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations omitted). Our scope of review is plenary. *Pappas v. Asbel*, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002). In reviewing a trial court's grant of summary judgment,

> [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.
>
> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce

- 3 -

evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

***Chenot v. A.P. Green Services, Inc.***, 895 A.2d 55, 61 (Pa.Super. 2006) (internal citations and quotation marks omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable William R. Nalitz, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (***See*** Trial Court Opinion, filed August 23, 2018, at 2-3) (finding: **(2)** Bank provided sufficient evidence to prove existence of mortgage Appellant and Mr. Horvath executed, including principal balance unpaid, advances for taxes, insurance, and escrow; Appellant did not suggest any certain amount owed to Bank; Appellant admitted in her answers to interrogatories that mortgage was in default, she and Mr. Horvath had failed to make payments, and mortgage was recorded in Washington County Recorder of Deeds in amount of $125,999.61; **(1)** admissions in Appellant's answers to interrogatories established that Appellant's signatures on mortgage, note, and other closing

documents were not forgeries; Appellant's claim that she received no benefit from mortgage lacks merit, where Appellant and Mr. Horvath used proceeds of mortgage loan to pay off existing debt or invest in family business).[1] Accordingly, we affirm based on the trial court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  4/12/2019

---

[1] In its opinion, the trial court states that Appellant failed to oppose Bank's motion for summary judgment.  The certified record indicates Appellant did not answer the motion for summary judgment paragraph by paragraph, but she filed a brief in opposition to Bank's motion for summary judgment on May 4, 2018.  Nevertheless, the court did not base its decision on any pleading deficiency.

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

CIVIL DIVISION

BENEFICIAL CONSUMER DISCOUNT )
COMPANY d/b/a BENEFICIAL )
MORTGAGE COMPANY OF )
PENNSYLVANIA, )
)
      Plaintiff, )
)
Vs. )    No.:   2016-2210
)
UNITED STATES OF AMERICA, and )
KATHY HORVATH, and THOMAS )
HORVATH a/k/a THOMAS E. HORVATH )
)
      Defendants. )

### Pa.R.A.P. 1925 Opinion

On August 2, 2000, the defendants, Kathy and Thomas Horvath, signed and delivered to Beneficial Consumer Discount Company (Plaintiff) a mortgage for $125,999.61 on property in North Strabane Township, Washington County, Pennsylvania, located at 108 Fulton Road, Canonsburg, PA 15317.

On June 2, 2016, Plaintiff filed a Complaint in Mortgage Foreclosure which alleged the Horvaths failed to make their mortgage payments in June 2009 and all subsequent months. Defendant. Kathy Horvath's (K. Horvath), Answer Containing New Matter alleged that she did not sign her name to the mortgage or the other closing documents, that what appeared to be her signature was a forgery and that the mortgage was therefore fraudulent. However, in K. Horvath's Answers to Interrogatories (First Set), she admits that she was present at the closing of the loan held on August 2, 2000, with her husband, Thomas Horvath, that she signed the HUD-1A Settlement Statement, that she signed the mortgage, and that she understood that the closing she attended was for a loan.

K. Horvath also claimed that she derived no benefit from the loan at issue, but the HUD-1A

Settlement Statement shows that she did receive a benefit from the loan in that it was used by Defendants to pay off at least two prior mortgages for the property totaling $120,000. Statements made by a party in the pleadings, requests for admissions and stipulations of facts are treated as judicial admission. Durkin v Equine Clinics, Inc., 546 A.2d 665 (Pa. Super. 1988). Through her interrogatory answer K. Horvath admits that no forgery or fraud occurred when she signed the mortgage and other closing documents on August 2, 2000.

## Argument

**I.     Whether this Court erred in concluding there are no genuine issues of material fact regarding the amount to be owed by Defendant to Plaintiff on mortgage**

This Court finds Plaintiff provided sufficient evidence proving the existence of the mortgage executed by Defendants, principal balance unpaid, advances for taxes, insurance, and any escrow. Certainly K. Horvath did not suggest that there was any certain amount owed to Plaintiff. She filed no Response to Plaintiff's Motion for Summary Judgment. Further, the Superior Court has previously held that the mortgage holder is entitled to summary judgment if the mortgagor admits that the mortgage is in default, has failed to pay on the obligation, and the recorded mortgage is in the specified amount. Bank of Am., N.A. v. Gibson, 102 A.3d 462, 464–65 (Pa. Super. 2014). Through her interrogatory answers, K. Horvath has admitted that her mortgage is in default, that she and her husband have failed to make payments, and the mortgage was recorded in the Washington County Recorder of Deeds in the amount of $125,999.61.

**II.     Whether there are any genuine issues of fact which remain relating to K. Horvath's liability on the mortgage**

We find the admissions by K. Horvath in her Answers to Plaintiff's Interrogatories to establish that there was no forgery of K. Horvath's signature on the mortgage, note, or any other closing

documents and there is no basis for her fraud defense. There is no genuine issue of material fact remaining with respect to whether fraud or forgery occurred in the creation, execution, and recording of the mortgage of August 2, 2000, therefore K. Horvath remains liable for the mortgage that she fully participated in executing.

**III.     Whether there are any genuine issues of fact which remain relating to whether K. Horvath received any consideration or benefit from the mortgage loan**

K. Horvath's claim that she received no benefit from the mortgage is fruitless. At most, it appears the proceeds of the loan were used either to pay off existing indebtedness or for a family business. In either case, K. Horvath benefitted.

**IV. Whether this Court erred and committed an abuse of discretion in concluded there were no genuine issues of material fact remaining for determination**

K. Horvath raised no other issues of material fact other than her defense of fraud and forgery, and we found there is no basis for her fraud defense.

Therefore, this court granted Plaintiff's Motion for Summary Judgement. We recommend the appeal be dismissed.

**BY THE COURT:**

_William R Nalitz_ **S.J.**

Cc:     Bradley King, Esq.
          Robert Colaizzi, Esq.
          Thomas and Kathy Horvath