J-A05021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FMMB BIG LAKES, LLC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCIA A. CROCE | : | |
| | : | |
| Appellant | : | No. 1047 WDA 2019 |

Appeal from the Order Entered June 13, 2019
In the Court of Common Pleas of Indiana County Civil Division at No(s):
10299 CD 2019

BEFORE:   BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                **FILED FEBRUARY 28, 2020**

Marcia A. Croce appeals *pro se* from the June 13, 2019 order entering summary judgment in favor of FMMB Big Lakes, LLC ("Appellee") in this ejectment action.  We affirm.

The trial court succinctly summarized the relevant facts as follows:

> The ejectment action arises from a foreclosure proceeding against [Ms. Croce] and her former husband involving residential property located at 342 Snyder Lane, Blairsville, PA 15717. On June 29, 2018, the Sheriff of Indiana County conducted a sheriff's sale, where [Appellee] was the successful bidder.  Following the sheriff's sale, [Ms. Croce] did not file a petition to have it set aside, and on August 24, 2018, the Sheriff delivered the deed to [Appellee].  Despite [Appellee] now having record title to the property, [Ms. Croce] has continued to reside there and remains there to date.

Trial Court Opinion and Order, 6/13/19, at 1.

---

[*] Retired Senior Judge assigned to the Superior Court.

On June 13, 2019, the trial court determined that no genuine issue of material fact existed and granted Appellee's motion for summary judgment. This timely appeal followed.

"We review an order granting summary judgment for an abuse of discretion." *Bank of America, N.A. v. Gibson*, 102 A.3d 462, 464 (Pa. Super. 2014). In addition, "[o]ur scope of review is plenary, and we view the record in the light most favorable to the nonmoving party." *Id*. As outlined in *Gibson*, the "party bearing the burden of proof at trial is entitled to summary judgment 'whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report.'" *Id*. (quoting Pa.R.C.P. No. 1035.2(1)).

Our standard of review in an ejectment action is "limited to a determination of whether the chancellor committed an error of law or an abuse of discretion" and the decision of the court in an ejectment case "will not be disturbed unless it is unsupported by the evidence or demonstrably capricious." *Roberts v. Estate of Pursley*, 718 A.2d 837, 840 (Pa.Super. 1998).

In *Wells Fargo Bank, N.A. v. Long*, 934 A.2d 76, 78 (Pa.Super. 2007) (citation omitted), we noted that "ejectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, against a defendant who has actual possession," and that the purpose of such an action

is to determine "the immediate rights between plaintiff and defendant involved in that particular litigation." We continued that "ejectment is a possessory action only, and can succeed only if the plaintiff is out of possession, and if he has a present right to immediate possession." *Id*. at 79 (quoting **Brennan v. Shore Brothers, Inc.**, 110 A.2d 401, 402 (Pa. 1955)). Stated another way, "Ejectment is a possessory action wherein a plaintiff must prove the right to exclusive possession vis-a-vis proof of paramount title." **Roberts v. Estate of Pursley**, 700 A.2d 475, 480 (Pa.Super. 1997) (internal quotation marks omitted).

Ms. Croce listed four cryptic issues in her brief:

1. Westmoreland Physician Supply Responsible Party.

2. Misguided information from Pro Bono Lawyer.

3. Communication and accessibility to information denied.

4. Complex Circumstances of Divorce.

Appellant's brief at *i*.

Ms. Croce's arguments are misplaced. An ejectment action is collateral to the mortgage foreclosure proceedings and the ensuing sheriff's sale. The only relevant issue in this ejectment action is whether Appellee is the record owner of the property with the right to possession. It is beyond argument that Ms. Croce does not have title to the real estate in question, and she does not dispute Appellee's title or right to immediate possession. Instead, she asserts various issues that relate to: 1) circumstances that preceded the

foreclosure and sheriff's sale proceedings; 2) her ex-husband's responsibility for the underlying debt; and 3) her counsel's representation. None of her grievances is relevant to this ejectment action, which merely involves whether Appellee owns the property and is out of possession.[1]

Given the uncontested fact that Appellee has a right to immediate exclusive possession of the property, as evidenced by the strength of Appellee's title to the property, the trial court did not abuse its discretion in finding that no genuine issue of material fact exists and that Appellee is entitled to summary judgment.

Order affirmed.

_____

[1] As Appellant neglected to appeal the judgment in foreclosure and never sought to stay or set aside the ensuing sheriff's sale, she cannot challenge those proceedings in a collateral action. *Federal Nat'l Mortg. Ass'n v. Citiano*, 834 A.2d 645, 648 (Pa.Super. 2003) (holding collateral attack on mortgage foreclosure action is invalid defense to ejectment action). Moreover, because Ms. Croce does not aver that she was denied adequate notice of the foreclosure action, she is not entitled to the narrow exception that would permit her to assert that jurisdictional issue at this juncture. *See Meritor Mortgage Corp.—East v. Henderson*, 617 A.2d 1323 (Pa.Super. 1992) ("If adequate notice of the foreclosure action was not given, the court lacked jurisdiction to enter judgment.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2020