J-A12001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DEVGRU FINANCIAL, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BERNADETTE POWERS | : | No. 1394 WDA 2021 |

Appeal from the Order Entered October 21, 2021
In the Court of Common Pleas of Allegheny County
Civil Division at MG-19-001330

BEFORE:   MURRAY, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED: May 18, 2022**

Devgru Financial, LLC (Appellant), appeals from the entry of summary judgment in favor of Bernadette Powers (Ms. Powers) in this mortgage foreclosure action.  Upon review, we affirm.

The trial court summarized the case history as follows:

> On December 11, 2019, [Appellant] commenced this action by filing a Complaint against [Ms. Powers].  [Appellant] alleged [Ms. Powers] defaulted on a Home Equity Line of Credit with PNC Bank, N.A., which was secured by a Mortgage on her Property at 333 Edna Street, E. McKeesport, PA 15035.  [Appellant] asserts [Ms. Powers] owes $44,183.04 by virtue of receiving an Assignment of Mortgage and being the holder of the Line of Credit. [Ms. Powers] filed preliminary objections on February 3, 2020, which were overruled.  She filed an Answer, New Matter and Counterclaim on January 7, 2021.  On August 11, 2021, [Ms. Powers] filed a Motion for Summary Judgment averring that there are no genuine issues of material fact, [Appellant] does not have standing, and that she satisfied the Line of Credit that secures the

---

[*] Retired Senior Judge assigned to the Superior Court.

Assigned Mortgage. [Appellant] filed a Response to the Motion for Summary Judgment on October 13, 2021. Oral argument was held on October 20, 2021, and [the trial] court granted [Ms. Powers'] Motion for Summary Judgment[.]

* * *

The undisputed facts of record established that [Ms. Powers'] Choice Access Line of Credit Card was stolen by Michael DeCario, a convicted felon, shortly after it was opened. Starting on or about September 7, 201[0], Mr. DeCario made several large withdrawals from ATMs without [Ms. Powers'] consent, until the $35,000 limit was reached. He was found guilty of 106 counts of Access Device Fraud between [Ms. Powers'] Home Equity Line of Credit and other credit cards that he stole from her. [Ms. Powers] reported both Mr. Decario's unauthorized use of the Choice Access Card and the guilty verdict to PNC Bank. The record also established that [Ms. Powers] withdrew $5,000.00 in loans, which she repaid with interest.

Trial Court Opinion, 1/12/22, at 1-2, 4.

Appellant timely appealed, and both Appellant and the trial court have complied with Pa.R.A.P. 1925. Appellant presents two questions for review:

1. Did the trial court abuse its discretion or commit an error of law by finding that the language of the agreement between the parties precludes [Appellant] from proceeding with a foreclosure action?

2. Did the [trial] court err in granting [Ms. Powers'] motion for summary judgment where discovery had not been completed and where genuine issues of material facts had not been resolved?

Appellant's Brief at 7.

In reviewing the grant of summary judgment, we

may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. . . . Failure of a nonmoving party to adduce sufficient evidence on an issue essential to [the] case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***Kornfeind v. New Werner Holding Co., Inc.***, 241 A.3d 1212, 1216-17 (Pa. Super. 2020) (citations omitted). "In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact." ***Bank of Am., N.A. v. Gibson***, 102 A.3d 462, 464 (Pa. Super. 2014) (citation omitted).

Although Appellant presents two issues, Appellant argues: (1) the trial court abused its discretion by not considering the effect of 13 Pa.C.S.A. § 4406 *et seq.*[1] on language in the line of credit agreement (the Agreement); (2) the term "liability" in Section 19(b) of the Agreement is "unclear at best" and subject to interpretation; (3) the trial court improperly directed that the mortgage be satisfied within thirty days; (4) there is a genuine issue of material fact as to whether Ms. Powers "knew or should have known that this

---

[1] 13 Pa.C.S.A. § 4406 addresses the duties of bank customers to examine and report unauthorized activity.

account was being used . . . without her permission before she reported this fraudulent use to PNC Bank"; and (5) the trial court improperly failed to consider the intent of the parties when the loan documents were signed.[2] Appellant's Brief at 16-19. Appellant has waived all but the fourth issue.

This Court has long held:

Arguments not raised initially before the trial court in opposition to summary judgment cannot be raised for the first time on appeal. This canon of appellate practice comports with our Supreme Court's efforts to promote finality, and effectuates the clear mandate of our appellate rules requiring presentation of all grounds for relief to the trial court as a predicate for appellate review.

*Moranko v. Downs Racing, LP*, 118 A.3d 1111, 1115-16 (Pa. Super. 2015) (*en banc*) (citations omitted).

Here, Appellant waived the first, second, third, and fifth issues by not raising them before the trial court in either the written response in opposition to summary judgment, or at oral argument. *See* Brief in Opposition to Motion for Summary Judgment, 10/13/21, at 1-7; N.T. 10/20/21, at 11-18.

_____

[2] As noted above, Appellant raises the question of whether the trial court erred in granting summary judgment because "discovery had not been completed[.]" Appellant's Brief at 7. This issue is waived because Appellant does not address it in the argument section of the brief. *Id.* at 14-19. *See also Hinkal v. Pardoe*, 133 A.3d 738, 740 (Pa. Super. 2016) (*en banc*) (citations omitted) (citing Pa.R.A.P. 2119 in finding waiver based on appellant's failure to address issue in the argument section of her brief).

Likewise, Appellant did not raise the issues in its Rule 1925(b) statement.[3] When a trial court directs a party to file a Pa.R.A.P. 1925(b) concise statement, any issues not raised in the statement are waived. ***Linde v. Linde***, 220 A.3d 1119, 1146 (Pa. Super. 2019) (citations omitted); ***In re S.T.S.***, ***Jr.***, 76 A.3d 24, 35 n.4 (Pa. Super. 2013) (noting ***Commonwealth v. Lord***, 719 A.2d 306, 308 (1998) "requires a finding of waiver whenever an appellant fails to raise an issue in a court-ordered Pa.R.A.P. 1925(b) statement"). ***See also Erie Ins. Exchange v. Bristol***, 174 A.3d 578, 590 (Pa. 2017); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Accordingly, we are constrained to find waiver.

In the remaining issue, Appellant argues "genuine issues of material fact existed that preclude the [trial] court from granting Ms. Powers' motion for summary judgment." Appellant's Brief at 18. Appellant asserts,

> the question remains to be resolved whether or not Ms. Powers knew or should have known that this account was being used by DeCario without her permission before she reported this fraudulent use to PNC Bank.

---

[3] In the concise statement, Appellant raised three issues: (1) Appellant "is the real party in interest and therefore has standing"; (2) [t]he instrument at issue is a line of credit rather than a letter of credit; and (3) Ms. Powers "is liable to [Appellant] for the amount due under the Note[.]" Statement of Matters Complained of on Appeal, 12/10/21, at 1-2 (unnumbered).

*Id.* at 18. While Appellant did not use this identical language in the trial court, Appellant argued, in response to Ms. Powers' motion for summary judgment, that Ms. Powers "failed to notify PNC within a reasonable period of time of any alleged fraudulent charges or mistakes with regard to her account." Brief in Opposition to Motion for Summary Judgment, 10/13/21, at 2. In its 1925(b) concise statement, Appellant claimed Ms. Powers was

> obliged to notify PNC Bank immediately and *in writing*. In reality, [Ms. Powers] allowed for an unreasonable delay before notifying PNC of any unauthorized use. Indeed, [Ms. Powers] acknowledges that an unauthorized user proceed[ed] to make a series of "nearly daily large unauthorized withdrawals." [Ms. Powers'] lack of oversight of her account is not an excuse for her delay in notifying PNC of the alleged unauthorized activity.

Statement of the Matters Complained of on Appeal, 12/10/21, at 1-2 (italics in original). Thus, the issue of Ms. Powers' obligations under, and compliance with the Agreement, is preserved for review.

> In considering the Agreement:
>
> The fundamental rule in contract interpretation is to ascertain the intent of the contracting parties. In cases of a written contract, the intent of the parties is the writing itself. Under ordinary principles of contract interpretation, the agreement is to be construed against its drafter. When the terms of a contract are clear and unambiguous, the intent of the parties is to be ascertained from the document itself. When, however, an ambiguity exists, parol evidence is admissible to explain or clarify or resolve the ambiguity, irrespective of whether the ambiguity is patent, created by the language of the instrument, or latent, created by extrinsic or collateral circumstances. A contract is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense. While unambiguous contracts are interpreted by the court as a matter of law, ambiguous writings are interpreted by the finder of fact.

***Ins. Adjustment Bureau, Inc. v. Allstate Ins. Co.***, 905 A.2d 462, 468-69

(Pa. 2006) (citations omitted).

> Here, the trial court rejected Appellant's argument because:
>
> [The Agreement] contains a specific section regarding a borrower's liability for unauthorized use. ***See*** Exhibit A to the Complaint, Choice Access Line of Credit Agreement, pg. 5, Section 19, Lost and Stolen Choice Access Cards and Checks. It states in relevant part:
>
>> If your Card is lost or stolen, or if you think someone is using your Card without your permission, notify us immediately by calling us at 1-888-678-0002, or in writing to PFPC, 8800 Tinicum Blvd, 5th Floor, Philadelphia, PA 19153.
>
> Regarding liability, the Agreement states:
>
>> You may be liable for unauthorized use of any Card provided to any Borrower, according to applicable law, but not for more than $50.00.
>
> Looking at the plain language of the [A]greement, notification is not contingent upon when fraud is reported. PNC Bank could have added a condition that a borrower must report unauthorized use within a certain time period but it did not. Therefore, Ms. Powers is only liable for $50.00. When the language of a contract is clear and unambiguous, a trial court is required to give effect to that language. A court must give effect to the clear terms to which the parties have agreed. ***Madison Construction Co. v. Harlevsville Mutual Insurance Co.***, 735 A.2d 100, 106 (Pa. 1999). The facts showed that Ms. Powers satisfied and repaid all of the authorized and valid draws against the Line of Credit that she made. She is not liable, however, for the unauthorized and fraudulent transactions.

Trial Court Opinion, 1/12/22, at 4-5.

We discern no error. The Agreement did not require the vigilant oversight advanced by Appellant. Rather, the Agreement advises the borrower to "follow the directions" in the Notice of Billing Rights and provide

notice if the borrower suspects fraud. The borrower's liability is not conditioned on notification, and is expressly limited to $50.00. Ms. Powers correctly asserts that "while PNC Bank mentions procedures for reporting lost or stolen cards, it does not state any connection in those sections to Section 19(b) 'Liability for unauthorized use.'" Ms. Powers' Brief at 38 (footnote and record citation omitted); *see also* Agreement, 6/26/10, ¶ 19(b). Accordingly, Appellant did not demonstrate PNC conditioned the limitation on liability to Ms. Powers' prompt review of monthly statements; the language of the Agreement was ambiguous; or the trial court erred in finding Ms. Powers' liability was limited to $50.00. In other words, Appellant failed to demonstrate the existence of an issue of material fact.

Appellant's claims are either waived or meritless. We therefore affirm the trial court's grant of summary judgment.

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2022