J-A09032-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CITIZENS BANK, N.A. S/B/M/ TO CITIZENS BANK OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROY C. MONSOUR | : | |
| | : | No. 1341 WDA 2024 |
| Appellant | : | |

Appeal from the Order Entered October 4, 2024
In the Court of Common Pleas of Westmoreland County Civil Division at
No(s):  Case No. 4124 of 2022

BEFORE:  KUNSELMAN, J., NICHOLS, J., and LANE, J.

MEMORANDUM BY LANE, J.:                                   **FILED: JULY 8, 2025**

Roy C. Monsour ("Monsour") appeals *pro se* from the order granting the motion for summary judgment filed by Citizens Bank, N.A., s/b/m to Citizens Bank of Pennsylvania ("Citizens Bank").  After careful review, we affirm.

The trial court set forth the relevant factual and procedural history of this matter as follows:

> On November 10, 2022, [Citizens Bank] filed a complaint in mortgage foreclosure against . . . Monsour . . . and the United States of America, seeking an *in rem* judgment.  According to [the] complaint, [Monsour] signed a mortgage on June 9, 2016[,] to secure the indebtedness of a note executed on the same day in the amount of $448,000 for land located at 119 Dakota Lane, Ligonier, Pa[.,] 15658.  [Citizens Bank] alleged that [Monsour] defaulted on the payment of his monthly obligations pursuant to the mortgage on December 14, 2019, and that the [principal balance of $519,881.43, plus interest and other related costs and fees,] remains due and owing.  [Citizens Bank named the United States as an additional defendant in the action because the IRS held a tax lien on the property.]  [Monsour] filed [a *pro se*] answer . . . admitting that he was the record owner of the property subject

to the note and mortgage, but denying that he defaulted on the mortgage. [Monsour] also raised counterclaims against [Citizens Bank;] however, this court granted [Citizens Bank's] preliminary objections to those counterclaims [on the basis that the counterclaims were unrelated to the mortgage foreclosure action].

Throughout these proceedings, [Monsour] chose to represent himself. He filed numerous [*pro se*] documents of record that did not conform to the Pennsylvania Rules of Civil Procedure or Westmoreland County Local Rules. [Monsour] often cited to federal statutes and regulations that were inapplicable to a mortgage foreclosure action, and provided responses that were unintelligible, confusing, and irrelevant to the proceedings. Both this court and [Citizens Bank] attempted to provide appropriate responses and relief to [Monsour] when possible, but held to the princip[le] that although [Monsour] acted *pro se*, he was not permitted to disregard applicable rules. . . .

For example, [Monsour filed of record interrogatories directed to Citizens Bank which consisted of 220 interrogatories. Monsour additionally] sought discovery from [Citizens Bank] in the form of a motion to compel discovery . . .. Although [Citizens Bank] sought a protective order . . . preventing [its] need to respond to discovery, this court entered an order . . . directing [Citizens Bank] to take another look at [Monsour's] request for discovery and attempt to provide responses to those requests that complied with the discovery rules. Despite this ruling, [Monsour] continued to file documents labeled "interrogatories" and "admissions" that did not comply with applicable discovery rules. [Citizens Bank] again filed a motion for protective order, indicating to this court that it provided the documentation that it had to [Monsour] as directed by the . . . court. This court then granted [Citizens Bank's] request for a protective order . . ..

While [Monsour] continued to file documents of record, with such labels as "motion for injunctive relief" and "testimony," this court only addressed those filings in which [Monsour] complied with applicable rules.

On May 16, 2024, [Citizens Bank] filed a motion for summary judgment alleging that the mortgage remained in default since December 14, 2019[,] and that [Monsour] failed to raise any genuine issues of material fact regarding the existence of [Monsour's] obligation or that he defaulted on that obligation.

[Monsour] filed a [*pro se*] response to the motion for summary judgment, but did not appear for oral argument . . . despite notice to his last known address. Counsel for [Citizens Bank] did appear and provided argument. This court reviewed the pleadings and documents of record and issued an order . . . dated October 4, 2024[,] granting [Citizens Bank's] motion for summary judgment.

[Monsour] filed a notice of appeal [wherein he] outlined eighteen alleged errors. Although it is unclear how the majority of them apply to this court's ruling, based on [Monsour's] history of filings in this case and his continued failure to abide by applicable rules, this court determined that it was not necessary to request a [Pa.R.A.P.] 1925(b) statement of errors . . ..

Trial Court Opinion, 11/18/24, at 1-3 (citations to the record and unnecessary capitalization omitted).

Monsour raises the following issues for our review:

1. Did the [trial] court err in rejecting, ignoring, and disregarding with closed eyes to [Monsour's] trust documents entered into evidence as set-off to Citizens Bank and the default notice of tolling for time disclaimer and the demand to show cause; contrary to the Uniform Trust Code approved and enacted in all the states? Evidence of bias, prejudice, or lack of proper assessment/evidence of a 'material irregularity'; did the [trial] court disregard [Monsour's] evidence of affidavit and apostilled [*sic*] documentation from authoritative sources submitted as evidence (United States Secretary of State, Pennsylvania Secretary of State) of [Monsour's] free and unincumbered access to [Monsour's] "credit"? Evidence of bias, prejudice, or lack of proper assessment/evidence of a 'material irregularity';

2. Did the [trial] court disregard, ignore[,] and fail to address [Monsour's] counter claims [*sic*] showing evidence of bias, prejudice, or lack of proper assessment of evidence of a 'material irregularity'? Did the [trial] court condone and allow failures in discovery? Evidence of bias, prejudice, or lack of proper assessment/evidence of a 'material irregularity'? Did the [trial] court disregard [Monsour's] motion to compel discovery: evidence of bias, prejudice, or lack of proper assessment/evidence of a 'material irregularity' prejudicing the court's decision?

Monsour's Brief at 12-13 (unnecessary capitalization omitted).

As Monsour is appealing from the trial court's order granting summary judgment to Citizens Bank, we begin with our well-settled standard of review for appeals from such orders:

> We review an order granting summary judgment for an abuse of discretion.  Our scope of review is plenary, and we view the record in the light most favorable to the non[-]moving party.  A party bearing the burden of proof at trial is entitled to summary judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report.

***Bank of Am., N.A. v. Gibson***, 102 A.3d 462, 464 (Pa. Super. 2014) (internal quotations and citations omitted).  "In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact."  ***Id***.; ***see also*** Pa.R.C.P. 1035.3(a).  Accordingly, the "failure of a nonmoving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law."  ***JP Morgan Chase Bank, N.A. v. Murray***, 63 A.3d 1258, 1262 (Pa. Super. 2013) (citation omitted); ***see also*** Pa.R.C.P. 1035.2(2).  Thus, it is this Court's responsibility "to determine whether the record either established that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder."  ***Gerber v. Piergrossi***, 142 A.3d 854, 858 (Pa. Super. 2016) (citation omitted).

As it relates to mortgage foreclosure, "[t]he holder of a mortgage has the right, upon default, to bring a foreclosure action." *Gibson*, 102 A.3d at 464-65 (citation omitted). Moreover, "[t]he holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." *Id*. Notably, "[i]n mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing on the mortgage *must* be considered an admission of those facts." *Id*. at 467 (original quotations and brackets omitted, emphasis added). This is due to the fact that, apart from the mortgagee, the mortgagor is the only party who would have sufficient knowledge on which to base a specific denial and, thus, clearly knows whether the allegations in a complaint are true. *See First Wisconsin Trust Co. v. Strausser*, 653 A.2d 688, 692 (Pa. Super. 1995).

Monsour's brief does not provide any discussion relevant to our standard of review for an order granting summary judgment in a mortgage foreclosure action. Indeed, Monsour does not endeavor to identify any genuine issue of material fact as to a necessary element of the cause of action or a defense which could be established by additional discovery or expert report. *See Gibson*, 102 A.3d at 464. Instead, Monsour's brief is replete with citations to federal statutes, federal regulations, and federal case law that are inapplicable

to a mortgage foreclosure action, and arguments that are unintelligible, confusing, and irrelevant to these proceedings.[1]

We further observe that, to the best we can discern, Monsour's issues on appeal are confined to the trial court's rejection of certain documents presented by Monsour, its dismissal of Monsour's counterclaims, and its denial of Monsour's motion to compel discovery.[2] However, Monsour provides no coherent or developed argument regarding these claims. Monsour does not acknowledge the legal basis for any of the trial court's rulings or explain precisely how the trial court abused its discretion in making such rulings. Monsour also does not address the trial court's determination that, throughout

---

[1] We further note with disapproval that Monsour's brief does not conform to our appellate rules of procedure regarding the format and content of an appellant's brief. Specifically, Monsour's brief does not contain a summary of the argument. **See** Pa.R.A.P. 2118. Nor does it contain an argument section. **See** Pa.R.A.P. 2119. Although Monsour's brief contains a section entitled "Statement of the Case," this section does not provide a statement of the form of action, a brief procedural history of the case, or a closely condensed chronological statement of all the facts which are necessary to determine the points in controversy with references to the place in the record where evidence substantiating those facts may be found. **See** Pa.R.A.P. 2117. Instead, this section appears to provide what Monsour intended to be his argument to this Court. Even so, this section is devoid of any discussion of or citation to any authorities pertinent to a summary judgment ruling in a mortgage foreclosure action. **See** Pa.R.A.P. 2119. While we could find waiver of Monsour's issues on the basis of these deficiencies, we decline to do so.

[2] To the extent that Monsour purports to raise or discuss additional issues in his brief, beyond those contained in his statement of the questions involved, we may not consider any such additional issues. **See** Pa.R.A.P. 2116(a) (providing that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").

the lower court proceedings and in seeking discovery of documents from Citizen's Bank, he failed to comply with applicable rules of civil procedure and local rules of court.

The trial court endeavored to ascertain Monsour's issues on appeal and determined that they lacked merit. The court reasoned:

> To establish the requisite evidence for a summary judgment in mortgage foreclosure, [Citizens Bank] provided a copy of the mortgage, an affidavit from foreclosure specialist Willis Jones, and documents setting forth [Monsour's] payment history. These documents establish that the recorded mortgage was in the amount alleged by [Citizens Bank], that [Monsour] defaulted on the payment obligations in December 2019, and that [Monsour] failed to pay interest on the obligation. All amounts remain due and owing.
>
> When a motion for summary judgment has been properly supported with corroborating documentation, as it was in this case, the adverse party may not claim that the averments in the pleadings alone are sufficient to raise a genuine issue for trial and must demonstrate, by specific facts contained within depositions, answers to interrogatories, admissions or affidavits that there is a genuine issue of material fact for trial. In [Monsour's] answer to [the] complaint, he admitted the existence of the mortgage, the address of the property subject to that mortgage, and that he was the record owner of the property subject to the mortgage. Although he denied that he defaulted on the mortgage, his basis for that denial was unintelligible, and seemed to indicate that he "settled and closed" his account because of a trust. *See* Answer ¶ 7. Despite his denial, throughout the two-year period between the filing of his answer and the order granting summary judgment, [Monsour] failed to provide any documentation or evidence of record to support his claim regarding the settlement and closing of his mortgage. None of the documents filed of record by [Monsour] provide any evidence that would contradict [Citizens Bank's] claim and raise a genuine issue of material fact regarding his default on the mortgage.
>
> Since Defendant offered no specific facts to support his claim, his denial of the default amounts to nothing more than a

general denial. . . . Therefore, based on the applicable case law, [Monsour's] denial of the existence and amount of the mortgage default was general in nature and actually resulted in an admission of same. As a result, there is no genuine issue of material fact in dispute.

Trial Court Opinion, 11/18/24, at 4-6 (some citations and unnecessary capitalization omitted).

After careful review of the record and viewing the evidence in the light most favorable to Monsour as the non-moving party, we discern neither legal error nor abuse of discretion by the trial court in granting summary judgment in favor of Citizens Bank. Here, Monsour does not contest the trial court's determination that he defaulted on the mortgage due to his failure to make the required payments since December 14, 2019. Nor does Monsour dispute Citizens Bank's calculation of the mortgage debt. As explained above, the burden was on Monsour to adduce sufficient evidence in support of his opposition to the motion for summary judgment to establish the existence of a material issue of fact. *See Murray*, 63 A.3d at 1262. In this regard, Monsour failed to meet this burden. *See id*. Notably, he produced no documents, such as cancelled checks or payment records, showing that he made any mortgage payments since December 14, 2019, nor any documents evidencing that the mortgage was satisfied to support his claim that the mortgage account was settled and closed.

Further, our review of the record shows that although Monsour purported to dispute his default status, he did so generally and without

providing any evidentiary basis for his position. *See* Answer, 12/19/22, at ¶ 7 (wherein Monsour generally denied that the subject mortgage was in default and claimed instead that an unspecified "account" had been settled and closed); *see also id*. at ¶ 12 (wherein Monsour merely stated that he "DISAGREES" with the allegation in the complaint that the required mortgage payments were more than twenty-four months in arrears). Accordingly, we must consider Monsour's general denials as an admission that the mortgage was in default in the amount specified in the complaint. *See Gibson*, 102 A.3d at 467.

Consequently, because we determine that Monsour admitted: (1) he was in default of the mortgage; (2) he did not make any of his scheduled payments since December 14, 2019; and (3) he owed Citizens Bank the principal balance of $519,881.43 (plus interest and other related costs and fees), we conclude the trial court's grant of summary judgment in favor of Citizens Bank was without legal error or abuse of discretion. *See Gibson*, 102 A.3d at 464-65. Accordingly, we affirm the trial court's order granting summary judgment for Citizens Bank.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>07/08/2025</u>